■ WILLIAM B. MARCY, Respondent, v. PAUL R. WOODIN, Doing Business as WOODIN OIL COMPANY, Appellant.— Appeal from an order of the Supreme Court at Special Term which denied defendant's motion to dismiss the complaint on the ground that the three-year Statute of Limitations has run against the action, which is brought to recover damages for the contamination of plaintiff's water well allegedly caused by defendant's acts of negligence in the delivery of fuel oil. There is uncontroverted proof that some nine days before the expiration of the three-year period, plaintiff caused a summons to be delivered to defendant's son, who bears the same name as his father, in the belief that the person served was the defendant; that the son delivered the summons to his father, the defendant, the next day; and that on the same day defendant delivered the summons to his liability insurance carrier, which had investigated the claim shortly after it arose; and which, after the statute had run, advised plaintiff's attorney that no valid service had been made. Thereafter, and after an attorney had advised defendant and his son that the latter could properly execute an affidavit of personal service, the carrier asserted that the execution of an affidavit of service by the son would in some way jeopardize the father's coverage under the policy and no such affidavit was signed. It is obvious that service must be made in conformity with the statute and that, in the interests of orderly procedure and for the protection of all concerned, there be certain and unequivocal proof thereof. The cases upon which appellant relies (*Equitable Life Assur. Soc. of U. S.* v. *Ehrlich,* 250 App. Div. 761; *Wiener* v. *Ravekes,* 241 App. Div.

774; *Ives* v. *Darling,* 210 App. Div. 521; *Mecca* v. *Young,* 133 Misc. 540) demonstrate deficiencies in one or more particulars but seem to us not in point and certainly not conclusive; while more recent decisions adhere less strictly to form and give greater recognition to reality (see, e.g., *Buscher* v. *Ehrich,* 12 A D 2d 887; *Matter of Barbara,* 7 A D 2d 340; *Green* v. *Morningside Hgts. Housing Corp.,* 13 Misc 2d 124, affd. 7 A D 2d 708; *Chernick* v. *Rodriguez,* 2 Misc 2d 891). In this case, defendant's son made service of the summons within the literal terms of the statute "by delivering a copy thereof * * * to the defendant in person." (Civ. Prac. Act, § 225.) The defendant recognized and treated the act as service and thereupon did exactly as he would have done had service been made with greater or less formality by a professional process server or other stranger by immediately delivering the paper to the insurance carrier. Apparantly, proof of due and effective service would have been made had not the carrier warned against it but of even greater force and solemnity was the proof of service adduced from defendant, at the direction of the Special Term, by oral testimony subjected to cross-examination. Order unanimously affirmed, with $10 costs. Present — Gibson, J. P., Herlihy, Reynolds and Taylor, JJ.