## Appel Vending Co., Assignee, *v.* 1601 Corp. (et al., Appellant).

Argued June 12, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Ronald N. Rutenberg,* with him *Harry A. Rutenberg,* for appellant.

*Philip Shuchman,* for appellees.

OPINION BY FLOOD, J., September 17, 1964:

The appellees in these cases entered judgments against the garnishee-appellant for failure to file answers to interrogatories. The garnishee has appealed from the discharge of its rules to strike and open.

1. The garnishee seeks to have the judgment in favor of Appel Vending Company stricken off because that company's interrogatories directed to the garnishee were entitled "Interrogatories in Aid of Execution under Pa. R. C. P. No. 3117A". It argues that the only sanctions provided for failure to answer interrogatories under Rule 3117(a) are those provided by Pa. R. C. P. No. 4019, which do not include the entry of a default judgment.

This argument is not persuasive. Four of these interrogatories (Nos. 7 to 10) were of the type normally directed to a garnishee under Pa. R. C. P. No. 3144, relating to property of the defendant in his possession. We think entry of judgment for failure to answer them was authorized and appropriate under Pa. R. C. P. No. 3146. Mere mislabelling is not sufficient reason for depriving the plaintiff of his right to

a judgment under Pa. R. C. P. No. 3146 against the defaulting garnishee who failed to file answers to such interrogatories within the required time. The mislabelling could not mislead the garnishee since interrogatories under Rule 3144 also serve the purpose of aiding execution.

Moreover, contrary to the garnishee's contention, Rule 4019(c)(3) provides that in an appropriate case the court may enter judgment by default against a "disobedient party". Since the plaintiff in attachment proceedings stands in the shoes of the defendant as to any claim he has against the garnishee (*Fleming v. Quaid,* 204 Pa. Superior Ct. 19, 201 A. 2d 252 (1964)), the interrogatories were directed to an adverse party under Pa. R. C. P. Nos. 3117 and 4005. Failure to answer such interrogatories, as required by Pa. R. C. P. No. 4006 makes the garnishee a "disobedient party" within the intendment of subsections (a)(1) and (c)(3) of Pa. R. C. P. No. 4019. The court below, therefore, had the authority to enter the default judgment both under Pa. R. C. P. No. 3146 and Pa. R. C. P. No. 4019.

The court's refusal to strike a judgment entered by the prothonotary for failure to answer interrogatories is equivalent to the entry of judgment by the court. Any infirmity due to entry by the prothonotary instead of the court was cured by this order.

It is true that except for Nos. 7 to 10, mentioned above, Appel's interrogatories appear to be directed toward discovering the whereabouts of transferred assets of the defendant, whether in the hands of the garnishee or elsewhere. These are interrogatories which the garnishee might well not be able to answer. Failure to answer them would not in itself entitle the plaintiff to judgment without more information than is contained in the interrogatories and answers. This, however, does not relieve the garnishee from answer-

ing the others or from the imposition of appropriate sanctions upon its failure to do so.

2. The garnishee claims that the judgments of both appellees should be opened, averring in its petitions that it had no assets or property of the respective defendants in its hands and owed them no money, either at the time the interrogatories were served or thereafter. The only excuse averred for its failure to answer the interrogatories in time was "inadvertence of counsel". Counsel, in his depositions, did not support this averment of "inadvertence", but took a quite different position. He admitted that in each case he received a series of letters from the appellees' counsel requesting that answers be filed to the interrogatories. Some of these letters threatened that judgment would be taken upon failure to answer. He testified that he told the appellees' counsel over the phone that the garnishee had no assets belonging to the defendant, that preparing answers would involve considerable work and that instead of filing answers he would be glad to show him all of the garnishee's books, figures and records. He states that he was then advised by the appellees' counsel that he would not be required to file answers. In his counterdepositions, the appellees' counsel flatly denied any agreement that answers need not be filed. He testified that on the contrary, he told the garnishee's counsel that there were procedures under the Procedural Rules whereby he had the right to look at the books, that he was less interested in the amounts owed than the assets held and that he wanted answers to his interrogatories. It was within the province of the court below to determine which of these versions was correct. In any event an oral agreement of counsel, such as is alleged by the garnishee, will not be considered by the court unless it is noted by the prothonotary or made in open court (Pa. R. C. P. No. 201) or is admitted.

The court exercised its discretion properly in holding that the judgment should not be opened because the garnishee's petitions were barred by laches. In the Appel Vending case the attachment was served June 1, 1961, interrogatories were served September 28, 1961, judgment was taken on November 11, 1961, after two unsuccessful requests to the garnishee's counsel that answers be filed, and the petition to open was not filed until June 22, 1962, more than seven months after the judgment had been entered. In the Sandler case the attachment was served August 4, 1960, and interrogatories were served on September 8, 1960. After four intervening letters to counsel, judgment was entered on November 11, 1961 and again the petition to open was not filed until June 22, 1962. This record leads us to conclude that the garnishee treated the proceedings with complete indifference until its own bank accounts were attached on June 1, 1962. No reason is given for this delay in filing the petitions to open. In an opinion which fully and ably discusses the controlling issues on this point, the court below correctly concluded that the appellants were guilty of laches.

Orders affirmed.