Watts *v.* Jenkins et al., Appellants.

Submitted September 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Cassandra Maxwell Birnie,* for appellants.

*Henry I. Jacobson,* for appellee.

OPINION BY HOFFMAN, J., December 11, 1973:

This is an appeal from an order denying a petition to open a judgment entered by default.

On October 8, 1970, the appellee filed a complaint in equity against appellants claiming title to a parcel of

real estate, and demanding that a constructive trust on the property be enforced. On the following day the Sheriff served appellant with the complaint and a notice to plead within twenty days.

On November 4, 1970, a settlement conference was held at the office of appellee's attorney. Negotiations for a settlement proved fruitless. On December 3, 1970, appellee's attorney sent certified letters to both appellants, notifying them that he intended to proceed to judgment in the action, and counselling them to retain an attorney if they intended to contest the matter. Appellants did not answer the complaint, and a default judgment was taken on February 3, 1971. On April 10, 1972, appellants filed a petition to open the judgment.

It is axiomatic that a petition to open a default judgment is equitable in nature, and an appeal to the discretion of the Court. That discretion is properly exercised when the following factors are present: (a) the delay or default in filing an answer is reasonably explained; (b) the petition to open is promptly filed; and, (c) in assumpsit actions, a meritorious defense is shown. *Kraynick v. Hertz,* 443 Pa. 105, 277 A. 2d 144 (1971); *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A. 2d 128 (1971). In the instant case, appellant has not satisfied these requirements.

As an excuse for their default, appellants alleged that appellee's counsel lead them to believe that no legal action would be taken while settlement negotiations were being conducted. It is true that the parties attempted to settle the case after the complaint was filed. It is also true that appellee took no action while these negotiations continued. However, it is indisputable that after negotiations had broken down, the appellants were warned of appellee's intention to proceed to judgment, and of the necessity of appellant's securing counsel to protect their interests. This is clearly not a case in which appellee's counsel lulled the appellants into a

false sense of security by promises of inaction. Compare *Good v. Sworob*, 420 Pa. 435, 218 A. 2d 240 (1966). Appellants' failure to answer can only be attributed to a lack of diligence.

Nor did appellants act promptly in seeking to open the judgment. Fourteen months elapsed before any attempt was made to have the judgment opened, and no reasonable explanation has been offered for the delay. Under these circumstances the court below properly exercised its discretion in refusing to open the judgment.

Order affirmed.