## Boyles, Appellant, *v.* Sullivan.

Argued June 14, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Paul J. Duca,* with him *Joseph W. Atkinson,* and *Silver, Lovitz & Atkinson,* for appellant.

*Phillip B. Silverman,* with him *McWilliams & Silverman,* for appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

This is an appeal from an order denying appellant's petition to open a judgment of non pros., entered in the

court below because of appellant's failure to answer interrogatories filed by the defendant.

Appellant, plaintiff below, filed a complaint in trespass on September 29, 1971, seeking damages for injuries sustained in an automobile accident which occurred on January 22, 1970. On October 29, 1971, counsel for the defendant-appellee entered an appearance and filed interrogatories to be answered by the plaintiff. Answers were not provided, and on January 26, 1972, defendant requested appellant's attorney to file the answers. By letter of March 21, 1972, plaintiff's attorney acknowledged that the interrogatories were overdue, and stated that they would "receive [my] attention very soon." On March 23, 1972, appellee sent appellant's counsel a letter with a copy of a motion for sanctions for failure to answer interrogatories. In this letter appellee notified appellant of his intention to file the motion on April 4, 1972. The motion was filed on that date and another letter was sent to appellant's counsel requesting that the interrogatories be answered. Appellant's counsel did not answer this letter and no answers were filed.

The motion for sanctions was not answered, and on June 13, 1972, the court below issued an order directing the plaintiff to answer the interrogatories within sixty days or suffer a judgment of non pros. No answers were filed and on October 20, 1972, one hundred and twenty-nine days after the court ordered the interrogatories to be answered, the judgment of non pros. was entered. Appellant's counsel was notified of the entry of the judgment on December 11, 1972. On November 23, 1973, ten months after the notification, appellant petitioned the court below to open the judgment. An answer was filed and on March 12, 1974, the petition was denied.

Appellant does not question the power of the court to enter an order directing the entry of a judgment of

non pros. for failure to file answers to written interrogatories. The power is expressly granted by Pa. R. C. P. 4019(c)(3)[1] for failure of a party to answer interrogatories served under Pa. R. C. P. 4005. See *Spilove v. Cross Transportation, Inc.,* 223 Pa. Superior Ct. 143, 297 A. 2d 155 (1972). Rather, appellant contends that the court below abused its discretion in refusing to open the judgment.

The criteria for opening a judgment of non pros. are: (1) the petition must be timely filed; (2) the reason for the default reasonably explained or excused; and, (3) the facts constituting grounds for the cause of action be alleged. *Goldstein v. Graduate Hospital of The University of Pennsylvania,* 441 Pa. 179, 272 A. 2d 472 (1971); *Thorn v. Clearfield Borough,* 420 Pa. 584, 218 A. 2d 298 (1966). In the instant case, neither was the petition timely filed nor was the default reasonably explained or excused.

Although appellant has offered a number of reasons for the failure to answer interrogatories, he has neither explained nor sought to excuse the ten-month delay between the notification of the entry of the judgment and the filing of the petition to open. Appellant has not denied receipt of the notice, nor has he alleged extraordinary circumstances to excuse the delay. This factor alone is sufficient to justify the lower court's refusal to open the judgment. *Appel Vending Co. v. 1601 Corporation,* 204 Pa. Superior Ct. 243, 203 A. 2d 812 (1964); *Watts v. Jenkins,* 226 Pa. Superior Ct. 469, 313 A. 2d 775 (1973).

The Court below also found that the failure to answer the interrogatories was not satisfactorily ex-

---

[1] Rule 4019(c)(3) provides that a court may make: "(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros, or by default against the disobedient party or party advising the disobedience; . . . ."

plained. Appellant alleged that the answers were not filed because of the removal of counsel's offices to a new address, the illness of plaintiff, and the illness of plaintiff's counsel. None of these excuses were substantiated by affidavit or deposition. Appellant did not allege that the removal of counsel's offices to another location resulted in a failure to receive correspondence from opposing counsel. Appellant never notified opposing counsel of plaintiff's and counsel's illnesses and never sought to obtain an extension of time in which to answer the interrogatories. Had appellant's difficulties been communicated to the appellee and a reasonable extension of time refused, the equities would clearly be favorable to the appellant. However, appellant never responded to the appellee's repeated requests for answers to the interrogatories, to the appellee's notification of intent to move for sanctions, or to the lower court's order directing that answers be filed. As in *Spilove v. Cross Transportation, Inc.*, supra, appellant's failure to respond to the appellee's requests for answers and the court's order was inexcusable.

Order affirmed.