## Williams v. Dick

*John Edward Calior,* for plaintiff.
*William G. McConnell,* for defendant.

STRANAHAN, *P. J.,* December 23, 1975—The matter before the court is a motion to strike filed by defendant.

On July 12, 1974, plaintiff filed a complaint in partition which was served upon defendant by the Mercer County sheriff. In response, defendant, on August 23, 1974, filed an answer which also contained new matter and a counterclaim. The answer was properly endorsed with a notice to plead but, as acknowledged by defendant, his counsel orally gave counsel for plaintiff an indefinite extension of time within which to file a reply.

In June 1975, plaintiff filed, pursuant to Pa.R.C.P. 1034(a), a motion for judgment on the pleadings and a rule to show cause why the relief requested should not be granted was issued on de-

fendant. Oral argument was held on August 8, 1975, before the Hon. Albert E. Acker and an opinion was entered on September 25, 1975, in which the motion was denied with the exception of the counterclaim.

On October 16, 1975, plaintiff filed a reply to the new matter alleged in defendant's answer. Thereupon, defendant filed, pursuant to Pa.R.C.P. 1017(b)(2), preliminary objections in the nature of a motion to strike the reply to the new matter.

The question to be resolved is whether plaintiff, under the circumstances of the instant case, may file a reply to the new matter of defendant's answer after his motion for judgment on the pleadings was denied.

Defendant contends that the filing of a reply after a motion for judgment on the pleadings has been denied is not only inconsistent with the objectives of expeditious and efficient administration of justice promoted by the Rules of Civil Procedure, but also operates to substantially prejudice him. In support of this proposition, defendant cites Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News, Inc., 401 Pa. 337, 164 A. 2d 215 (1960).

In that case, the court held that when a plaintiff fails to file a timely reply to new matter contained in a defendant's answer which is properly endorsed with a notice to plead, the averments of fact therein are taken as admitted and the pleadings are closed. As such, a motion for judgment on the pleadings was an appropriate procedural step at that point.

The logical procedural extension of defendant's contention is that the case is ripe for a judgment upon admission pursuant to Rule 1037(c) because

the averments of fact contained in the new matter are admitted.

A number of reasons, however, compel us to conclude that defendant's contention and its extension are untenable and that plaintiff in the instant case can proceed with his reply.

First, while the filing of the motion for judgment on the pleadings when there is new matter in the adverse party's answer must be deemed procedurally irregular, it should be noted that Rule 126 provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Consistent with that rule, it is noted in 2B Anderson Pa. Civ. Prac. §1034.1 that:

"When the plaintiff did not reply to the new matter in defendant's answer and filed a motion for judgment on the pleadings which was overruled, the court may treat the motion as a preliminary objection in the nature of a demurrer and allow the plaintiff to file a reply to the new matter of the answer.": Shoffstall v. Natalie Amusement Co., 25 Northumb. 153 (1953).

Moreover, the facts of the instant case require a conclusion congruent with that noted above. First, the procedural confusion of the case can be attributed in part to the mutually agreed-upon extensions of time to file responsive pleadings. Next, despite the passing of a considerable amount of time, the

case has never been listed for trial by either party. Third, the reply does nothing more than specifically deny the averments of the new matter and put the case at issue. Finally, the court is sitting as a court of equity.

In short, the circumstances of the instant case are such that there is no evidence of any substantial prejudice to defendant by permitting plaintiff to file the reply. Indeed, the circumstances are such that they require that neither of the parties get a procedural advantage as a result of the somewhat irregular proceedings.

Finally, the Guild case cited by defendant is clearly distinguishable from the instant case because of the admitted extension of time within which to file a reply granted by defendant's counsel. In the Guild case, there was no extension and thus the averments in the new matter were admitted pursuant to Rule 1029 after 20 days elapsed after service.

Paranthetically, it should be noted that extensions for the filing or serving of pleadings by the agreement of counsel are permitted by Rule 1003, although Rule 201 states that such agreements shall be in writing or noted at bar by the prothonotary or court stenographer. It should also be noted that while there is some authority for the proposition that Rule 201 is a mandatory provision (Harris v. Greenberg, 17 D. & C. 2d 166 (Phila., 1958)), it is determined that the far more tenable position is that oral agreements will be recognized if admitted: Appel Vending Co. v. 1601 Corp., 204 Pa. Superior Ct. 243, 203 A. 2d 812 (1964); Flynn v. Sievers, 10 D. & C. 2d 383 (Pike, 1956).

For the reasons set forth above, it is concluded that defendant's motion to strike must be refused.

## ORDER

And now, December 23, 1975, defendant's motion to strike plaintiff's reply to new matter is refused.