396 A.2d 752

Gordon L. LINK, t/d/b/a Etter's Floor Covering Shop, Appellant,

v.

HOUSE OF FULMER, INC., Defendant, James R. Fulmer, Garnishee, Donald R. Fulmer, Garnishee, Bonita L. Fulmer, Garnishee, Fulmer Enterprises, Garnishee, Remluf, Inc., Garnishee, Charles T. Riley, Garnishee, Binkele, Inc., Garnishee.

Franklin R. DEISLEY and June Deisley, Appellants,

v.

HOUSE OF FULMER, INC., Defendant, James R. Fulmer, Garnishee, Donald R. Fulmer, Garnishee, Bonita L. Fulmer, Garnishee, Fulmer Enterprises, Garnishee, Remluf, Inc., Garnishee, Charles T. Riley, Garnishee, Binkele, Inc., Garnishee.

Superior Court of Pennsylvania.

Argued March 27, 1978.

Decided Dec. 29, 1978.

Daniel H. Shertzer, Lancaster, for appellants at Nos. 2299 and 2300.

Lawrence E. Stengel, Lancaster, for appellee, Charles T. Riley, Garnishee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from an order granting appellee Charles T. Riley's two Petitions to Strike Off Judgment Against Garnishee for Failure to File Answers to Interrogatories, with leave to file answers to the two sets of interrogatories in question within twenty days. Riley was garnishee in two separate execution proceedings, but because the proceedings were similar, the lower court consolidated them.

Appellants Franklin B. Deisley and June Deisley entered judgment against House of Fulmer, Inc., on January 21, 1971, in the amount of $13,750. Appellant Gordon L. Link entered judgment against House of Fulmer on February 20, 1971, in the amount of $4,403.41. On May 20, 1974, and May 22, 1974, respectively, appellants issued execution against House of Fulmer and a number of garnishees, including appellee, and on May 29 the sheriff served the writs. On July 16 and September 6, respectively, appellants filed interrogatories addressed to all garnishees, including appellee, and on September 10 the sheriff served the interrogatories. Appellee failed to file answers to the interrogatories, and on September 24 appellants entered judgment by default against him in the full amount of the judgment against House of Fulmer, plus interest and costs. Appellee moved to strike the judgments, and the lower court issued the foregoing order. This appeal followed.

An examination of the record discloses, and appellants readily concede, that after making service, the sheriff did not return the writs of execution and the interrogatories to the prothonotary's office until April 7, 1977. Appellants' Briefs at 6, Supplementary Briefs at 3. On the back of each of the writs of execution is a notation that reads: "Thurs. April 7, 1977, Execution returned to Prothonotary pursuant to Rule § 3139 Pa. Rules of Court. Sheriff's costs $172.75, so answers Frederick B. Plowfield, Sheriff of Lancaster County." Appellants also concede that on September 21, 1976, when the default judgments were entered, neither the writs nor the returns of service were in the prothonotary's office. Supplementary Briefs at 3.

In its opinion the lower court stated that a court must decide whether a judgment was proper according to the record at the time the judgment was entered, and not according to the record as of some later date. Proceeding from this premise, the court struck the judgments because when they were entered, the prothonotary had no return of service, either of the writs of execution or of the interrogatories. Said the court: "Unless the record includes a return which establishes personal jurisdiction a garnishee is under no duty to answer. See Goodrich-Amram § 3139(b)–1." Slip opinion at 3.

Appellants argue that the sheriff's returns indicate that service of the writs and interrogatories properly occurred. Thus they focus on the fact of service, rather than on the record. They reason that if appellee in fact had notice of the writs and the interrogatories, he should have answered them, and since he did not, the judgments were properly entered. This argument, however, is not persuasive. Our Supreme Court has said that "[a] motion to strike a judgment, . . . will not be granted unless a fatal defect in the judgment appears *on the face of the record*," and moreover, that "a rule to strike off a judgment is in the nature of a demurrer directed to defects in the record. If the record is self sustaining, the judgment cannot be stricken." *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 506, 288 A.2d

819, 821 (1972) (citations omitted) (emphasis supplied). The Court has also said that "[t]he court below and this Court on review will only look at what was in the record when the judgment was entered in its search for defects." *Linett v. Linett*, 434 Pa. 441, 445, 446, 254 A.2d 7, 10 (1969); *See also Jones v. Garrod*, 419 Pa. 538, 541, 215 A.2d 902, 903 (1966). In *Jones v. Garrod, supra*, the lower court struck the judgment because upon reviewing the record it found that the sheriff's return stated the time and place of service of the writ of execution on the garnishees, and identified the persons on whom the writ was served, but was silent as to service of the interrogatories. The Supreme Court affirmed, noting that "[i]n entering judgment for the plaintiff *the prothonotary proceeded upon a record which failed to show service of the interrogatories on the garnishees.*" (Emphasis added.) The Court specifically rejected the judgment creditor's argument that the handwritten words "And Interrogatories," which appeared after the printed title of the printed return form, demonstrated that the interrogatories had in fact been served. 419 Pa. at 540, 215 A.2d at 904.

We believe that *Jones v. Garrod, supra*, controls this case. Here, the prothonotary did not have any proof of service of the interrogatories when he entered judgment; indeed, unlike the prothonotary in *Jones v. Garrod*, he did not have any basis at all for believing that service had occurred. The fact that service had occurred did not mean that the prothonotary knew it had. If the prothonotary looked at the record, he could have only seen that the writs of execution and various interrogatories had been filed, not that they had been served.

Nor are we able to accept appellants' assertion that "the failure of the Sheriff's return of service of the interrogatories to be entered on the prothonotary's docket, if a defect, is a highly technical one, not affecting in any way substantive rights of the parties. The garnishee is in no way prejudiced by the prothonotary's neglect." Appellant's Briefs at 10.

In the first place, it is not apparent that the prothonotary was guilty of neglect. Pa.R.Civ.P. 3139(b) provides: "The

sheriff shall make an immediate return of service upon serving a garnishee, but may retain the writ [of execution] for further proceedings." The Notes to Pa.R.Civ.P. 3139 describe a return "as a short official statement by the sheriff of his conduct in response to the writ of execution given to him," and state that "[t]o accomplish its purpose, . . . the sheriff's return must be in writing *and must be filed so as to be of record.*" Goodrich-Amram 2d, § 3139.1 (1977). (Emphasis added.) Furthermore, "The mandates of the writ make the sheriff accountable in a real sense to the issuing authority, and notice given to the prothonotary is also presumably accessible to the judgment plaintiff . . ." Goodrich-Aram 2d, § 3139(c):1 (1977). Here, the sheriff failed to file the returns of service with the prothonotary until more than six months after the judgments were entered. It thus appears that it was the sheriff who was guilty of neglect. In addition, we note that appellants might have made efforts on their own to ensure that the judgments would be valid. Two years elapsed between the filing of the interrogatories and the entry of the judgments—certainly enough time for appellants to ascertain whether the returns of service had been filed, and if not, to make sure they were.

As to appellants' assertion that the defect here did not affect "in any way substantive rights of the parties": To the contrary, appellee's substantive rights were severely prejudiced by the entry of default judgments. Goodrich and Amram write that Pa.R.Civ.P. § 3146(b) "explicitly" requires that if the garnishee fails to file answers to the interrogatories, the amount of judgment to be entered is in the amount of the judgment against the defendant together with interest and costs; "[t]he theory is perfectly clear: if the garnishee chooses not to disclose what assets of the defendant he holds, he will be treated as though he had at least enough to satisfy plaintiff's claim in full." Goodrich-Amram 2d § 3146(b):4 (1977). So drastic a rule must be carefully enforced. Thus, interpreting the mandate of *Jones v. Garrod, supra,* Goodrich and Amram state: "The prothonotary

may enter a default judgment only if upon the face of the record the plaintiff has complied with the Rules governing service of interrogatories. . . . This is true even though the garnishee, in the proceeding to strike, is deemed to admit the execution plaintiff's allegations of actual service, for it is the state of the record at the time of judgment against the garnishee which determines the validity of that judgment." Goodrich-Amram 2d § 3146(a):2.2 (1977). Here, appellants received the benefit of Pa.R.Civ.P. § 3146(a), even though the prothonotary acted mistakenly.

Affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.