411 A.2d 798

**Mariann GANGI and Mary Kendros**

**v.**

**DELCO CAB COMPANY and Wayne David Baxter, Defendants and Nationwide Insurance Company, Garnishee.**

**Appeal of NATIONWIDE INSURANCE COMPANY, Garnishee.**

Superior Court of Pennsylvania.

Argued March 21, 1979.

Filed Oct. 12, 1979.

Robert Keller, Philadelphia, for appellant.

Robert M. Silverman, Philadelphia, for appellees Gangi and Kendros.

No appearance entered nor brief filed for appellees Delco Cab Company and Wayne David Baxter.

Before VAN der VOORT, HESTER and MONTGOMERY, JJ.

VAN der VOORT, Judge:

Nationwide Insurance Company, garnishee, has filed this appeal from an Order of Judge Canuso of the lower court refusing to strike a default judgment entered against the garnishee for failure to make timely answers to interrogatories served upon it.

On January 24, 1978, plaintiffs had obtained a judgment in Delaware County against Delco Cab Company and another. On February 23, 1978 plaintiffs issued a writ of attachment and filed interrogatories to Nationwide. On March 22, 1978, on praecipe of the plaintiffs, the Prothonotary entered judgment against Nationwide, garnishee.

The record indicates that Nationwide filed answers to the Interrogatories on March 29, 1978.

The Sheriff's return of service was also filed on March 29, 1978 and certified that Nationwide had been served with the interrogatories on February 24, 1978.

On April 18, 1978, Nationwide filed a Motion to Strike the Judgment, raising two contentions:

1. At the time judgment was entered, there was nothing on the record to show any jurisdiction over the garnishee; and

2. The interrogatories were defective under Pa.R.C.P. Rule 3253 since they did not contain on their face a notice to answer, a time limit, and "a statement of the potential penalty for failure to do so."

Judge Canuso's Memorandum Opinion answers the first contention by saying (page 14a) that the Sheriff's Returns, filed March 29, 1978, seven days after the Default Judgment was entered, shows that the interrogatories were served on February 24, 1978.

Nationwide seems not to deny that the interrogatories were served on it on February 24, 1978, but contends that no default judgment could be entered against it until after the Sheriff had made a return of service.

■ Both parties cite *Jones v. Garrod*, 419 Pa. 538, 215 A.2d 902 (1966). That case seems to us distinguishable from the present case because the *Jones* case involved the question of what kind of papers were included in the Sheriff's returns, not the question raised in the present case of whether the date of return of service or the date of actual service determines when the garnishee may be in default for failure to answer. If the controlling point is the date when jurisdiction is exerted by the Court over the garnishee, as the garnishee suggests in its motion, then the date of actual service is the legally significant date.

As to the second contention, that the notice to answer the interrogatories did not comply with the specifications of Rule 3253, Judge Canuso's answer is that the interrogatories apprised the garnishee sufficiently of the requirement to answer within 20 days of service, and therefore there was substantial compliance with Rule 3253. The Court below cites *Appel Vending Company v. 1601 Corporation*, 204 Pa. Super. 243, 203 A.2d 812 (1964), in which a default judgment was upheld where the garnishee failed to answer interrogatories, even though the interrogatories were incorrectly labeled interrogatories under then Pa.R.C.P. No. 3117, rather than correctly under Rule No. 3144. In passing, Judge Cercone said in the Appel Vending case, 204 Pa.Super. 246, 203 A.2d 813, that the "mislabeling could not mislead the garnishee . . . ."

Judge Canuso, in essence, finds the garnishee was not misled in this present case, particularly since the garnishee was a liability insurance company.

■ We see some natural logic in finding as a probable fact that an insurance company knows (or should know) the possible consequences of its failure to answer interrogatories on time, but we do not believe a separate standard should be set up for garnishee insurance companies different from the standards applicable to all other garnishees.

The problem in this present case is whether the form of the interrogatories served upon Nationwide were "substantially" in the form provided by Rule 3253.

Rule 3253 starts out by reciting that:

"Interrogatories of the plaintiff to the garnishee shall be *substantially* in the following form . . .

"You are *required* to file answers to the following interrogatories within twenty (20) days after service upon you. *Failure to do so may result in judgment against you.*"

(Emphasis supplied).

The interrogatories start out by stating:

"You are required to answer the following interrogatories . . . ."

The cover of the interrogatories advises the garnishee:

"Take notice that you are required to answer the interrogatories within twenty (20) days."

Nowhere in the interrogatories is a specific notice to the garnishee that a failure to answer the interrogatories within twenty (20) days may result in judgment against the garnishee.

■ Notwithstanding the omission of this minatory language, is there substantial compliance with the provisions of Rule 3253? We think not. A nearly identical conclusion was reached by this Court in the case of *Slaughter v. Gruntz*, 227 Pa.Super. 164, 323 A.2d 152 (1974). There a default judgment for failure to answer a complaint was reversed because the Notice to Plead did not contain the words "or a default judgment may be entered against you", as required by a 1969 amendment to then Rule 1361.

In *Slaughter*, 227 Pa.Super. at page 166, 323 A.2d at page 153, our court stated:

"When a plaintiff seeks to enter a default judgment it is his duty to make certain that the notice to plead substantially complies with the form set forth in Rule 1361 . . . A notice to plead which does not contain the phrase, . . . 'or a default judgment may be entered against you,' is not in substantial compliance with Rule 1361." (Citations omitted).

In such a sensitive area as the taking of judgment by default, substantial compliance with the rule is required. In the instant case substantial compliance was not made. This defect is apparent on the fact of the record and the judgment must be stricken.

Reversed and judgment stricken.