**COIL COMPANY, INC., Plaintiff,**

v.

**WEATHER–TWIN CORPORATION, Defendant.**

**Misc. No. M18–302.**

United States District Court, S. D. New York.

May 19, 1982.

Speiser & Krause by Rudolph V. Pino, New York City, and Timoney, Knox, Hasson & Weand by Steven E. Speece, Ambler, Pa., for plaintiff.

M. Scott Vayer, New York City, for defendant.

### OPINION

MILTON POLLACK, District Judge.

Defendant Weather-Twin Corp. has moved pursuant to Fed.R.Civ.P. 60(b)(4) to vacate the registration in this Court on February 8, 1982 of a default judgment entered against it on October 23, 1981 in the United States District Court for the Eastern District of Pennsylvania, on the grounds that the defendant was not amenable to the jurisdiction of the judgment court which could not exercise personal jurisdiction over it and moreover that defendant was not duly served with process under the requirements of the foreign state.

For the following reasons, the motion will be granted and the judgment vacated.

*Facts*

Weather-Twin is a corporation organized under the laws of the State of New York, with its principal place of business in Manhattan, and is in the business of constructing and installing heating and cooling systems. Coil Co. is a Pennsylvania corporation, located in Colwyn, Pennsylvania, which arranges to supply coils for industrial and commercial applications.

The present dispute arises out of the following transactions between the parties.

On July 14, 1980, Weather-Twin mailed a purchase order to Coil Co. for one sample "water coil", a component in heating and cooling systems, which Coil Co. arranged to be delivered. On September 5, 1980, Weather-Twin mailed another purchase order to Coil Co. for 675 coils. Five days later, Weather-Twin wrote Coil Co. and added 65 coils to its September 5 purchase order. On October 3 and October 20, 1980, all coils relating to the September orders were shipped to Weather-Twin from Coil Co.'s supplier in Longview, Texas via common carrier.

On October 21, 1980, Weather-Twin wrote to Coil Co., claiming that the coils that had been delivered were unacceptable because they were the wrong diameter. In response, Coil Co.'s employee, Thomas Jacobs, went to New York, retrieved the coils and Coil Co. modified their diameter by attaching connections of the correct diameter to them. On November 3 and December 22, 1980, Weather-Twin paid for the modified coils.

Between January 15 and March 12, 1981, Weather-Twin ordered another 1,445 coils, by mail, forwarding three purchase orders and a letter to Coil Co. Between March 20 and March 26, 1981, these coils were shipped from Coil Co.'s supplier in Texas to New York City.

On April 14, 1981, Weather-Twin notified Coil Co. by phone and by mail that the modified coils shipped in the fall of 1980 were defective; they had leaked after installation in a high-rise building, causing extensive damage. As a consequence, Weather-Twin withheld payment for the second shipment of coils that it had received in March 1981.

After settlement discussions proved to be unsuccessful, on September 24, 1981, Coil Co. filed suit against Weather-Twin in the Eastern District of Pennsylvania for the money owed for the second shipment of coils. *Coil Co. v. Weather-Twin Corp.*, Civ. No. 81–3878 (E.D.Pa. filed, Sept. 24, 1981). The plaintiff undertook to subject the defendant to the jurisdiction of the Pennsylvania Court by mail service of process.

Plaintiff mailed a copy of the summons and complaint to defendant's New York attorneys, by certified mail and allegedly mailed a second copy of the papers to defendant's New York address, also by certified mail, albeit no evidence of such mailing nor a receipt therefor could be produced by plaintiff.

On October 23, 1981, a default judgment was entered against Weather-Twin in the amount of $19,284.35. The only evidence that process had been duly served and that a default had occurred was a conclusory and insufficient statement by plaintiff's attorney reciting:

> that he is the attorney for Plaintiff in the above entitled action; that the amount due Plaintiff from Defendant is $19,-284.35; that the Defendant is not an infant or an incompetent [sic] person; that the default of the Defendant has been entered for failure to appear in the action; that the amount shown by the statement is justly due and owing and that no part thereof has been paid; that the disbursements sought to be taxed have been made in this action or will necessarily be made or incurred therein.

On February 23, 1981, the default judgment was registered in this Court. Weather-Twin moved in this Court promptly to vacate the registered judgment on the ground that the Pennsylvania Court lacked personal jurisdiction over it and that the default judgment had been irregularly entered on the Pennsylvania proceedings.

*Discussion*

■ This Court has the undoubted power to vacate a default judgment registered in this jurisdiction if it finds that the rendering court did not have personal jurisdiction over the defendant. *Covington Industries, Inc. v. Resintex A. G.*, 629 F.2d 730 (2d Cir. 1980).

■ Weather-Twin's amenability to process in this diversity action is determined by reference to state law. *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir. 1963).

The Pennsylvania long-arm statute, 42 Pa.Cons.Stat.Ann. § 5322 (Purdon 1981) extends the jurisdiction of the Pennsylvania Courts to nonresident corporations that *transact business* in Pennsylvania. Subsection (b) specifically provides:

> In addition to the provisions of sub-section (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons ... to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

As is apparent from its language, "this statute makes the exercise of jurisdiction over a nonresident co-extensive with the permissible limits of due process." *Koenig v. International Bhd. of Boilermakers, Iron Ship Builders, Blacksmith, Forgers & Helpers,* 284 Pa.Super. 558, 426 A.2d 635, 640 (1980).

"[T]he Due Process Clause 'does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations.'" *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 294, 100 S.Ct. 559, 565, 62 L.Ed.2d 490 (1980), *quoting International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). Instead, the clause requires "that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567.

Moreover, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

The Pennsylvania courts have phrased the test similarly:

> First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws.... Secondly, the cause of action must arise from defendant's activities within the forum state.... Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11, 15 (1974) (citations omitted).

Here, defendant Weather-Twin is a New York corporation which does not conduct business, does not maintain an office in Pennsylvania and does not employ agents or other employees in that state and never appeared in that state with reference to the transactions in suit. Coil Co. does not dispute Weather-Twin's allegation that none of Weather-Twin's employees went to Pennsylvania to discuss the transactions here at issue. To the contrary, however, employees of Coil Co. came to New York to make sales calls and later to inspect the coils that were out-of-size and later found to be defective. Coil Co. concedes that its employee came to New York to reclaim the non-conforming delivery of coils it later modified. Finally, the coils used to fill the orders were not supplied from Pennsylvania; the coils supplied on Weather-Twin's orders were manufactured in Longview, Texas, not in Pennsylvania, and were shipped directly from Texas to New York by common carrier.

Weather-Twin's only purposive acts which could possibly support jurisdiction were the five purchase orders and five letters mailed from New York, and two telephone calls originating in New York and directed to Coil Co. in Pennsylvania, concerning the transactions here at issue. These contacts do not satisfy the minimum contacts required by the due process clause, since Weather-Twin has never been in nor performed any act in Pennsylvania, nor would jurisdiction over Weather-Twin by the Pennsylvania Courts be fair or reasonable; Weather-Twin would not have reasonably anticipated that it could be haled in Court in Pennsylvania. *See Baron & Co. v.*

*Bank of New Jersey*, 497 F.Supp. 534 (E.D. Pa.1980); *Galaxy International, Inc. v. White Stores, Inc.*, 88 F.R.D. 311 (W.D.Pa. 1980); *Gagner v. Parsons & Whittemore, Inc.*, 450 F.Supp. 1093 (E.D.Pa.1978).[1]

*Propriety of Service of Process*

█ Furthermore, if Weather-Twin was not properly served with Pennsylvania process, the Pennsylvania Courts could not in any event have obtained jurisdiction over it. *Sharp v. Valley Forge Medical Center & Heart Hosp., Inc.*, 422 Pa. 124, 221 A.2d 185, 187 (1966). Fed.R.Civ.P. 4(e) explicitly provides that the federal courts are governed by state law in matters involving service of process on a nonresident defendant.

Plaintiff's attorney has submitted affidavits alleging that on September 24, 1981 he sent copies of the summons and complaint via certified mail to: (1) the New York law firm of Sage, Gray, Todd & Sims, and (2) to defendant at its offices in Manhattan. A signed Post Office receipt was presented showing that the summons and complaint were transmitted by post to Sage, Gray, but no receipt—Post Office or other—was ever received by plaintiff that would demonstrate a deposit in the mails of any item addressed to or delivered to defendant at its offices. Further inquiries of the Post Office as to what happened to the process purportedly addressed to defendant were said by plaintiff to have been unavailing.

Pennsylvania Rule of Civil Procedure 2180(c) (Purdon Supp.1981) provides:

> Outside the Commonwealth, the plaintiff shall have the right of service [on a corporation] within ninety days after the issuance of the writ or the filing of the complaint . . .
>
>     *    *    *    *    *    *
>
> (3) in the manner provided by Section 5323 . . . of the Judicial Code relating to service of process on persons outside the Commonwealth.

42 Pa.Cons.Stat.Ann. § 5323(a) (Purdon 1981) provides, in pertinent part:

> When the law of this Commonwealth authorizes service of process outside this Commonwealth, the service, when reasonably calculated to give actual notice, may be made:
>
>    *    *    *    *    *    *
>
> (2) In the manner provided or prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.
>
> (3) By any form of mail addressed to the person to be served and requiring a *signed* receipt. (Emphasis added)

*Service on Sage, Gray*

Plaintiff refers this Court to N.Y.Civ. Prac.Law and Rules § 311(1) (McKinney 1972), which provides that in New York, service on a corporation may be made by delivering the summons to "any . . . agent authorized by appointment or by the law to receive service." As required by N.Y.Bus. Corp.Law § 304 (McKinney 1963), paragraph five of Weather-Twin's certificate of incorporation states that:

> The Secretary of State is designated as the agent of the corporation upon whom process against the corporation may be served. The post office address to which *the Secretary of State shall mail* a copy of any process against the corporation served upon him is c/o Sage, Gray, Todd & Sims, 140 Broadway, New York, N.Y. 10005. (Emphasis added).

N.Y.Bus.Corp.Law § 306 (McKinney 1963 & Supp.1981) provides:

> Service of process *on the secretary of state as agent* of a domestic . . . corporation shall be made by personally delivering to and leaving *with him* or his deputy, or with any person authorized by the secretary of state to receive such service,

---

1. *Sterling Industrial Corp. v. Telephone, Inc.*, 484 F.Supp. 1294 (W.D.Mich.1980), in which personal jurisdiction over a nonresident defendant by the Pennsylvania courts was upheld by a court of registration, is distinguishable. In that case, defendant "had dealings with plaintiff both before and after it purchased the goods which were the subject of the Pennsylvania judgment." *Id.* at 1300. Here, there was no such proof. Moreover, in *Sterling*, unlike this case, defendant's officers personally visited plaintiff's offices in Pennsylvania. *Id.*

*at the* office of the department of state in the city of Albany duplicate copies of such process together with the statutory fee. (Emphasis added)

█ Instead of delivering process to the Secretary of State, as agent, plaintiff mailed process directly to Sage, Gray. This was not proper service under section 306 of the Business Corporation Law and since unauthorized by statute, the method of service was invalid. *Rosman v. Clark*, 27 A.D.2d 839, 278 N.Y.S.2d 39 (2d Dep't 1967). *See Marcy v. Woodin*, 18 A.D.2d 944, 237 N.Y.S.2d 402, 403 (3d Dep't 1963) ("It is obvious that service must be made in conformity with the statute.") "[N]otice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court." *Feinstein v. Bergner*, 48 N.Y.2d 234, 241, 397 N.E.2d 1161, 1164, 422 N.Y.S.2d 356, 359–60 (1979). Being invalid service under New York law, the mailing of process to Sage, Gray was not proper service under 42 Pa.Cons.Stat.Ann. § 5323 (a)(2).

*Sufficiency of Service by Mailing to Weather-Twin*

█ Due process required that the form of any service be "reasonably calculated to give [the defendant] actual notice of the proceedings and an opportunity to be heard." *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940). It must also be remembered that "[t]he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Cafeteria & Restaurant Workers Union v. McElroy*, 367 U.S. 886, 895, 81 S.Ct. 1743, 1748, 6 L.Ed.2d 1230 (1961).

█ In conformance with these requirements, the Pennsylvania statute, 42 Pa. Cons.Stat.Ann. § 5323(a), authorizes service of process outside the Commonwealth on a corporation "by any form of mail addressed to the person to be served and requiring a signed receipt," but only "when reasonably calculated to give actual notice." In addition, section 5323(b), which governs proof of

service in such situations, provides that "[w]hen service is made by mail, *proof* of service *shall include* a receipt *signed* by the addressee *or other evidence of personal delivery* to the addressee satisfactory to the tribunal." (Emphasis added).

In this case, Coil Co. alleges that it mailed process to Weather-Twin via certified mail, but concedes that it did not receive a receipt of any kind from the Post Office indicating that delivery had been accomplished or even attempted. Since a receipt is ordinarily returned when a certified letter is properly delivered, the lack of any receipt put Coil Co. on notice that something had gone wrong with the certified mail it purported to have sent to Weather-Twin's offices. It was unreasonable to assume that proper delivery had been accomplished on Weather-Twin when there was no evidence thereof. This is not a case such as *Stateside Machinery Co. v. Alperin*, 591 F.2d 234 (3d Cir. 1979), or *Bromhall v. Rorvik*, 478 F.Supp. 361 (E.D.Pa.1979), in which there was evidence that process was properly tendered for delivery and was refused. Here there is no evidence that proper delivery was offered or accomplished.

Moreover, Coil Co. failed to submit "other evidence of personal delivery satisfactory to the tribunal" rendering the default judgment. In his affidavit in support of the entry of a default judgment, Coil Co.'s attorney made no mention of a signed receipt or a personal delivery of service or of any frustration of service of process and no proof thereof was submitted to the Clerk for the entry of a default judgment. Consequently, the default judgment, which was entered by a Deputy Clerk of the Pennsylvania district court on October 23, 1981 could not have decided the issue of whether there was proper service in this case.

The fact that Weather-Twin eventually received notice in some or other manner that Coil Co. had commenced an action against it in Pennsylvania is not by itself sufficient to show that Weather-Twin was ever properly served with process in the Pennsylvania action.

Proper service is crucial in cases such as this one, in which a default judgment has been entered, since proper service commences the running of the time period which forms the basis of the default. In the "sensitive area" of default judgments, procedural requirements are strictly construed by the Pennsylvania courts. *Gangi v. Delco Cab Co.*, 270 Pa.Super. 436, 411 A.2d 798, 800 (1979). "[A] default judgment entered where there has not been strict compliance with the rules of civil procedure is void." *Franklin Interiors, Inc. v. Browns Lane, Inc.*, 227 Pa.Super. 252, 319 A.2d 682, 684 (1974).

Pa.R.Civ.P. 1026 provides: "Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading." In this case, Coil Co. alleges that it mailed service of process to Weather-Twin on September 24, 1981 and obtained a default judgment on October 23, 1981, 29 days later. Coil Co. did not give Weather-Twin any notice that it was going to take a default judgment in this case. In Pennsylvania, "snap judgments taken without notice are strongly disfavored by the courts." *Queen City Elec. Supply Co. v. Soltis Elec. Co.*, 491 Pa. 354, 421 A.2d 174, 177 (1980). Indeed, Pa.R. Civ.P. 237.1, which became effective on February 1, 1980, required that no default judgment can be entered until ten days after notice of an intention to file for a default judgment is mailed.

The facts and circumstances of this case support a strict reading of the requirements imposed by sections 5323(a)(3) and (b). Since Coil Co. did not comply with those sections, service was not properly effected upon Weather-Twin.

*Conclusion*

Due process requirements were not satisfied so as to enable the United States District Court for the Eastern District of Pennsylvania to exercise personal jurisdiction over defendant Weather-Twin. Even assuming that the defendant was amenable to the jurisdiction of the Pennsylvania court, service of process was never properly effected by Coil Co. so as to ground a default judgment against the defendant.

Accordingly, the default judgment entered in *Coil Co. v. Weather-Twin Corp.*, Civ. No. 81–3878 (E.D.Pa. Oct. 23, 1981), registered in this Court as a judgment duly obtained, is hereby vacated and any execution or proceeding supplementary to execution thereon is likewise vacated and set aside as null and void.

SO ORDERED.