## Polybac Corp. v. Weiner

*A. T. Gillespie, Jr.*, for plaintiff.
*John P. Karoly, Jr.*, for defendant.

GARDNER, *J.*, February 29, 1984 — This matter is before the court on the motion of defendant to strike praecipe to strike appeal. For the reasons stated herein we deny the motion.

Plaintiff-tenant commenced an assumpsit action against defendant-landlord before a district justice seeking return of a $1,594 security deposit. When defendant failed to appear at the hearing, the district justice entered a default judgment in favor of plaintiff on June 27, 1983.

On July 5, 1983 defendant filed a notice of appeal from the judgment with the court of common pleas under Pa. R.C.P.D.J. 1002. The notice contained a rule upon plaintiff to file a complaint within 20 days under Pa. R.C.P.D.J. 1004B. On July 11 defendant filed a proof of service of notice of appeal and rule to file complaint under Pa. R.C.P.D.J. 1005B.[1]

After 20 days expired, on July 28, 1983, defendant filed a praecipe for judgment non pros for plaintiff's failure to file a complaint. Four days later, on August 1, 1983, plaintiff filed a complaint.

On August 19, 1983, plaintiff filed a praecipe to strike appeal, and the clerk of courts-civil division struck defendant's appeal because of defendant's failure to attach the sender's receipt to his proof of service of notice of appeal.

On October 17, 1983, defendant filed the motion to strike praecipe to strike appeal which is before the court for disposition.

The effect of granting defendant's motion would be to reinstate both defendant's appeal and the judgment non pros which defendant took against plaintiff for failure to file a complaint. The effect of denying defendant's motion would be to render final the judgment in favor of plaintiff by the district justice, and to enable plaintiff to record and execute upon that judgment in accordance with Pa. R.C.P.D.J. 402D. This would render moot the complaint filed by plaintiff with the court of common pleas.

Defendant argues that his motion should be granted because he substantially complied with the

---

1. Pa. R.C.P.D.J. 1005B requires proof of service to be filed within five days after filing the notice of appeal. The fifth day was Sunday, July 10, 1983, accordingly, filing on Monday, July 11 was timely. Pa. R.C.P.D.J. 203.

proof of service rules, because the return receipt card which he filed with his proof of service is equivalent to, or better than, the sender's receipt which he did not file.[2] We reject defendant's argument because the procedural rules and comments thereto make it quite clear that the sender's receipt must be filed.

Pa. R.C.P.D.J. 1001(9) provides, " 'Proof of service' means a sworn written statement that service was made by personal service or by certified or registered mail, with the *sender's receipt* for certified or registered mail attached thereto if service was made by mail." (Emphasis added.)

The comment to Rule 1001(9) provides in pertinent part, "Under subdivision (9), there is no requirement that the sender's receipt for certified mail be postmarked. *There is no return receipt requirement* for certified or registered mail." (Emphasis added.)

Defendant argues that the return receipt card should be an acceptable substitute for the sender's receipt because the return receipt card provides more information than the sender's receipt. Specifically, the return receipt card establishes that the mailing was received and the date of receipt, information which is not included in the sender's receipt. We reject this argument because the return receipt card does not contain one essential item of information included in the sender's receipt: the date of mailing.

---

2. A "sender's receipt" is a document obtained from the post office at the time of mailing which indicates the date when an item of certified mail was deposited in the mail. It is red and white in color. A "return receipt card", on the other hand, is a green document containing the signature of the recipient and indicating the date the item was delivered by the post office.

The date of mailing, not the date of receipt, triggers the running of the 20 day period during which plaintiff-appellee must file a complaint. If plaintiff does not know when the document was mailed, he cannot know how long he has to file the complaint.[3]

Defendant next argues that any defect in his proof of service is "de minimis" and should be overlooked. Defendant cited Pa.R.C.P. 126 which provides:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding *to which they are applicable*. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." (Emphasis added.)

However, the Pennsylvania Rules of Civil Procedure are not applicable to appeals from district justice courts. Those appeals are governed by separate rules, the Pennsylvania Rules of Civil Procedure for District Justices. Pa. R.C.P.D.J. 204 provides, "The purpose and intent of these rules is to provide a complete and *exclusive* procedure for every action or proceeding to which they are applicable." (Emphasis added.)

Pa. R.C.P.D.J. 1006 provides a specific sanction for failure to comply with the requirements of Pa. R.C.P.D.J. 1005B concerning proof of service. Rule 1006 states, in part, "Upon failure of the appellant to comply with . . . Rule 1005B, the prothonotary

---

3. Pa. R.C.P.D.J. 1004B provides that plaintiff-appellee must "file a complaint within twenty days after *service* of the rule or suffer entry of a judgment of non pros." (Emphasis added.) Pa. R.C.P.D.J. 1001(8) defines "service" by registered or certified mail as "the *mailing* of properly addressed certified or registered mail". (Emphasis added.)

shall, upon praecipe of the appellee, mark the appeal stricken from the record. . . ." Accordingly, the clerk of courts correctly struck defendant's appeal.

Defendant next argues that plaintiff waived any objection to the defective proof of service by filing a complaint after the entry of a judgment non pros. Defendant cites no authority in support of his waiver theory. Moreover, we view the filing of a complaint as equally consistent with the theory that plaintiff was ignoring defendant's defective judgment non pros as with a waiver of the defective appeal. The filing of a complaint is also consistent with the theory that plaintiff was laying the foundation for a petition to quash the judgment, or to file a complaint nunc pro tunc, in the event the court rejected plaintiff's contentions and reinstated defendant's appeal.

Defendant next argues that his judgment should stand because plaintiff is not prejudiced by it. Defendant reasons that plaintiff is not prejudiced because the statute of limitations has not run, and, therefore, plaintiff is free to institute his complaint under a new term and number. However, a new complaint might be vulnerable to attack on grounds of res judicata, collateral estoppel or pendency of a prior action under Pa. R.C.P. 1017(b)(5). In addition, plaintiff would be prejudiced by the expense and delay involved in the reinstitution of its action. Moreover, lack of prejudice to appellee will not cure defects in appellant's appeal.

Next defendant argues that the clerk of courts struck an appeal which no longer existed because judgment non pros had already been entered. However, under the circumstances of this case, the judgment does not take on an existence separate from the appeal. Rather, the judgment derives from

the appeal and is dependent upon the validity of that appeal.

Specifically, the judgment was based upon plaintiff's failure to file a timely complaint in response to a rule to file a complaint. The rule was issued by virtue of the appeal. To perfect the appeal plaintiff was required to file a proof of service of the appeal and the rule. Because the proof of service was defective the appeal was not perfected. Because the appeal was not perfected, the appeal was stricken. And because the appeal was stricken, the judgment which resulted from that appeal must also fall.

Finally, defendant argues that once judgment non pros is entered it can only be stricken by the court, not by the clerk of courts. Defendant relies upon Boyles v. Sullivan, 230 Pa. Super. 453, 326 A.2d 440 (1974) for this proposition. However, Boyles is inapplicable to the facts of this case. In Boyles a judgment non pros was entered as the result of an earlier court order. The earlier order granted a motion for sanctions for failure to file answers to interrogatories. The order provided that respondent would suffer judgment non pros for failure to file answers to interrogatories within 60 days. When respondent failed to file answers, the court entered an order directing the entry of a judgment non pros.

Boyles does not deal with the issue whether the clerk of courts may strike a judgment non pros. Moreover, in the case before this court the clerk of courts did not strike defendant's judgment. Rather, the clerk struck defendant's appeal, which the clerk was authorized to do by Pa. R.C.P.D.J. 1006. Because the judgment resulted from the appeal, the judgment falls with the appeal.

For all of the foregoing reasons, we deny defendant's motion to strike praecipe to strike appeal.

## ORDER

Now, this February 29, 1984, upon consideration of defendant's motion to strike praecipe to strike appeal, after argument, and for the reasons expressed in the accompanying opinion,

It is ordered that the motion of defendant to strike praecipe to strike appeal is denied.

It is further ordered that the judgment non pros entered by defendant on July 28, 1983 is opened.

It is further ordered that plaintiff's complaint is withdrawn and that plaintiff may enter the judgment of the district justice in favor of plaintiff dated June 27, 1983 in the sum of $1,594 in the court of common pleas and execute upon it in accordance with Pa. R.C.P.D.J. 402D.