Opinion by
 

 Watkins, J.,
 

 This is an appeal from the judgment of non pros entered by the Court of Common Pleas of Montour County in favor of the defendant-appellee, James M. Cole, and against the plaintiffs-appellants, Stephen Poluka and Emily Poluka in their own right and Stephen Poluka, Administrator of the Estate of Stephen Poluka, Jr., deceased, in a trespass action alleging malpractice by a physician.
 

 The history of this case is a long one and under ordinary circumstances calls out for the judgment entered by the court below. However, circumstances as set forth in this opinion give the appeal substance that at first blush does not appear.
 

 The facts are briefly as follows. On September 30, 1955, Stephen Poluka, Jr. died in the St. Joseph Hospital of Hazleton after an emergency operation following a bronchoscopic examination made by the defendant on September 29, at the Geisinger Memorial Hos
 
 *502
 
 pital in Danville, Montour County. The plaintiffs complained that the boy’s death was due to the negligence of the defendant.
 

 The case began on March 27, 1956, by the filing of the Praecipe for Summons. On April 6, 1956, counsel for the defendant entered an appearance and on February 18, 1957, the plaintiffs filed written interrogatories on the defendant. On July 12, 1957, defendant’s answers to the interrogatories were filed.
 

 On August 21, 1957, the defendant filed a rule on the plaintiffs to file a complaint; on October 29, 1957, service of complaint was accepted by defense counsel and on November 30, 1957, by agreement of counsel the date for filing an answer was extended to the first Monday in January, 1958. Preliminary objections were filed by the defendant on February 27, 1958, and service accepted on March 7, 1958; the preliminary objections were sustained and permission granted to the plaintiffs to file an amended complaint on December 18, 1959.
 

 The amended complaint was filed on January 11, 1960; on January 22, 1970, interrogatories to the amended complaint were filed by the defendant; on September 30, 1970, defendant moved for sanctions under Pennsylvania Rules of Civil Procedure, Rule No. 4019(a). On November 4, 1970, answers to the interrogatories were filed. This answer contained names of witnesses including medical experts which plaintiffs expected to call as witnesses. On June 30, 1970, counsel for the plaintiff forwarded to local counsel these answers to the interrogatories for service on counsel for the defendant. The actual filing was not done by local counsel until the date above set forth, November 4, 1970.
 

 On April 8, 1971, defendant filed motion for entry of judgment of non pros and plaintiffs filed a detailed
 
 *503
 
 answer to the same. No depositions were taken in support of defendant’s motion for non pros and the plaintiff did not answer the factual questions raised by the answer. The matter was argued before Judge Xeeisher solely on the motion and answer and the court on December 9, 1971, entered the judgment of non pros.
 

 The law is clear that a court may properly enter a judgment of non pros where the party to the proceedings has shown a want of due diligence in prosecuting the action within a reasonable time. The exercise of this power lies within the discretion of the court below and such discretion will not be disturbed on appeal unless there is proof of a manifest abuse of that discretion.
 
 Gallagher v. Jewish Hospital Association of Philadelphia,
 
 425 Pa. 112, 228 A. 2d 732 (1967);
 
 James Brothers Co. et al. v. Union Banking & Trust Co. of DuBois,
 
 432 Pa. 129, 247 A. 2d 587 (1988).
 

 However, the law is also clear that the right to the judgment of non pros may be waived. “. . . if there is conduct indicating a willingness on defendant’s part to try the case on the merits notwithstanding the delay, or if he is a party to, or causes the delay. In Potter Title & Trust Co. v. Prank et al., 298 Pa. 137, it was said at page 142: ‘Where the defendant takes steps looking to a trial upon the merits, like filing an answer, entering a plea, or taking a rule on the plaintiff to take some action in the case, it constitutes a waiver of the laches.’ ”
 
 Pennsylvania Railroad Company v. Pittsburgh,
 
 335 Pa. 449, 455, 6 A. 2d 907 (1939).
 

 In the instant case, on January 22, 1970, the defendant filed interrogatories to the amended complaint and then on September 30, 1970, moved for sanctions against the defendant under Pa. R. C. P. No. 4019(a). Then on November 4, 1970, the plaintiffs filed detailed answers to the defendant’s interrogatories. It should also be noted that the plaintiffs ruled the case for trial
 
 *504
 
 on the September, 1971 list but it was continued pending the disposition of the motion for non pros.
 

 What was said by Justice Steen, later Chief Justice, in
 
 Manson v. First National Bank,
 
 366 Pa. 211, 77 A. 2d 399 (1951) at page 217-18 is apropos to the present case: “It also appears that much of the delay in the present instance was due, not to plaintiffs themselves, but to the procrastination of their counsel, — a fault not wholly uncommon, perhaps, in the legal profession. The theory on which a non pros is entered is that, owing to the lapse of time, the plaintiff has presumably abandoned the action, but in the present case it appears that plaintiffs were extremely eager to proceed with the suit and from time to time kept bombarding their counsel with inquiries as to why the proceedings were allowed to lag. While, generally speaking, a litigant is bound by the actions or inactions of his counsel, there is authority for the proposition that when a plaintiff places his case in the hands of reputable counsel he will not be turned out of court if the delay complained of was almost entirely on account of neglect or oversight of his counsel: see Standard Pennsylvania Practice, vol. 5, pp. 78, 79, §82; Vandling v. Pittsburgh Rwys. Co., 64 P.L.J. 3.”
 

 In the instant case, there were a number of lawyers involved and there was procrastination on both sides that was responsible for the inordinate delays and in the latter part of this record it shows that counsel for the plaintiff was unfortunate in his selection of local counsel who contributed materially to further delay. As to the prejudice averred in the petition as the result of loss of witnesses, due to the passage of time, this was never established by a factual hearing and the answer filed to the interrogatories demanded proof of the allegation of prejudice due to the delays and demanded the nature and materiality of the testimony of the alleged witnesses that would show prejudice.
 

 
 *505
 
 One of the reasons for the delays in this case on the part of the plaintiffs was failure to obtain the testimony of a physician which in this type of case is usually true. However, in 1969, the plaintiffs obtained the services of an expert, Dr. Cyril H. Wecht, 1417 Prick Building, Pittsburgh, Pennsylvania, who gave his expert opinion to counsel for the plaintiff and was willing to testify. A copy of the letter and opinion was forwarded to counsel for the defendant.
 

 The reading of this record gives one the impression that both sides procrastinated and as Mr. Justice Steen further said in
 
 Manson v. First National
 
 Bank, supra, at page 218: “While the delays of the law have long been the subject of just criticism, and while the course of the present proceedings would scarcely serve as a model of expedition, it is our opinion that, under all the circumstances revealed in the record, judgment of non pros should not — even within the broad limits of the discretionary power of the court below — have been entered.” It should be noted that the delay in this case was from 1938 when the ease was instituted until 1949 when judgment of non pros was entered.
 

 The course of conduct exhibited by defendant’s counsel in this case by filing interrogatories and placing the case for trial as late as September, 1971, was clearly a waiver of his right to judgment of non pros as a result of delays. There has been no showing of the existence of prejudice because of the failure to take depositions on the interrogatories and answers thereto and we need not discuss further whether the failure of the defendant to answer the factual questions raised in the answer amounted to admissions under Pa. R. C. P. No. 209. See also, 1 & 2 Goodrich-Amram, Sec. 203-2 (Supp. 1972) page 46.
 

 Order and decree reversed with a procedendo.