White *v.* Alston, Appellant.

Argued March 27, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert C. Steiger,* with him *Harper, George, Buchanan & Driver,* for appellant.

*John J. D'Angelo,* with him *Bank & Minehart,* for appellee.

OPINION BY SPAETH, J., December 11, 1974:

This is an appeal from an order granting appellee's motion to open a judgment of non pros.

The dispute in this case concerns an automobile accident that occurred on February 8, 1969. Only appellant and appellee were involved in the accident. Appellee's counsel instituted suit by summons on January 26, 1971, and appellant was duly served. On October 31, 1972, a rule was issued on appellee's counsel to file a complaint or suffer non pros. There is no

indication in the record that appellee's counsel took any action in response to this rule. On November 22, 1972, appellant entered judgment of non pros., a copy of which was sent to appellee's counsel. Again, there is no indication in the record that counsel acted. On July 30, 1973, appellee's newly retained counsel filed a petition to open the judgment. At no time did this new counsel enter an appearance in the court below, nor was there a withdrawal by original counsel. Appellant answered the petition to open and requested oral argument. This request was denied,[1] and the petition was granted.

There are three conditions that must be met before a judgment of non pros. may be opened: (1) the petition to open must be timely filed; (2) there must be a reasonable explanation or excuse for the default; (3) facts constituting a cause of action must be alleged. *Goldstein v. Graduate Hospital of The U. of Pa.*, 441 Pa. 179, 272 A.2d 472 (1971); *Thorn v. Clearfield Borough*, 420 Pa. 584, 218 A.2d 298 (1966); *Matyas v. Albert Einstein Med. Center*, 225 Pa. Superior Ct. 230, 310 A.2d 301 (1973).

It may be assumed that the petition here alleged facts constituting a cause of action.[2] There is, however, nothing to show that the other two conditions were met. With respect to these the only allegation is "[t]hat because of the inadvertence of counsel and counsel's inability to obtain complete medical information concerning plaintiff's injuries, filing of the Complaint was deferred." (Petition, para. 5.) This al-

---

[1] Under Philadelphia practice the motion judge has discretion to "grant or decline said request." Philadelphia Court of Common Pleas Motion Court Regulation 71-12.

[2] Paragraph 4 of the petition reads: "That there is a substantial basis for defendant's liability in this matter, the circumstances of the accident being that the defendant struck the plaintiff's vehicle in the rear after operating at a high speed."

legation is so general as to be meaningless. One is left to speculate about the nature of the "inadvertence of counsel," and why this inadvertence should have resulted in an eight-month delay (from November, 1972, when judgment was entered, until July, 1973, when the petition to open was filed). So far as concerns "counsel's inability to obtain complete medical information," "complete medical information" is not a prerequisite to filing a complaint. Furthermore, and more important, in the answer to the petition to open it is denied that there was any such disability, appellant alleging that "counsel, in fact, had available to him medical letters and reports which he had previously supplied to defendant's representatives." (Answer to Petition to Open, para. 5.) If appellee wished to controvert this denial it was his obligation to take depositions. Since he did not, the denial must be taken as true.[3]

In his opinion the hearing judge states: "[P]laintiff's Petition to open this judgment was filed on July 30, 1973, eight months after the entry of the judgment of non pros. on November 22, 1972. Although this petition was filed eight months after the entry of the judgment, plaintiff could not have acted in greater haste because plaintiff's prior counsel did not tell him

---

[3] Motion Court Regulation 71-12, *supra*, provides that "[i]f the request for oral argument is denied or if no request for oral argument is made, the particular matter shall be disposed of after consideration of pleadings and the briefs or memoranda." The regulation says nothing about depositions. However, the phrase "consideration of the pleadings" cannot be read as authorizing the motion judge, in a case where no deposition has been taken, to take as true an allegation that has been denied. *Cf.* Pa. R. C. P. 209, which provides that if petitioner does not take depositions but "[o]rder[s] the cause for argument on petition and answer," "all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted. . . ." *See Smith v. Dale*, 405 Pa. 293, 296, 175 A. 2d 78, 80 (1961).

that a judgment had been taken against him. In fact during this eight-month period, plaintiff believed that his counsel was in the process of settling the claim. However, immediately after discovering the judgment, plaintiff employed new counsel who thereafter filed the present petition. Because plaintiff acted promptly after having knowledge of the judgment, and because plaintiff should not be prejudiced by the delay of his counsel, this Court must conclude that plaintiff's petition was timely filed under these circumstances."

The difficulty with this statement is that we cannot tell where the judge got the information that led him to make it. As just discussed, there is nothing in the petition to open that supports it, and no deposition was taken. The record before us does include a "Memorandum of Law" submitted to the hearing judge by counsel for plaintiff. In this memorandum the following appears: "In the instant case, plaintiff was never made aware a default judgment had been entered against him and he believed his former counsel was negotiating a settlement." And, ". . . a reasonable explanation [for the eight-month delay] is offered in that plaintiff's former counsel had overbearing personal problems and inadvertently allowed time to elapse and was unable to complete the medical information and other pertinent aspects of the case." These statements, however, do not support the hearing judge's opinion. Apart from the fact that to some extent the judge's opinion goes beyond the statements (nothing is said in the statements about plaintiff engaging new counsel "immediately after discovering the judgment"), the statements were unsworn to and so were not part of the record. Moreover, there is also in the record before us the "Memorandum of Law" submitted to the hearing judge by counsel for appellant. There it is said: "In fact, it is our understanding that attorney Frederick Del Rossi is presently an active member of

the Bar of Philadelphia, on the staff of the Mayor of the City and has not been ill or away from his law practice for any period of time. Certainly, no reasonable offer or explanation of the reasons for the so called 'inadvertence of counsel' has been afforded . . . ." This contradiction of appellee's memorandum illustrates the vice of considering unsworn statements in disposing of petitions. There being nothing of record to support either memorandum there is no proper basis for preferring one over the other.

In these circumstances we might simply reverse. *Goldstein v. Grad. Hos. of The U. of Pa., supra.* We are reluctant to do so, however, because, meagre as the allegations of the petition are, apparently the accident was a rear-end collision, so that there may be little real issue of liability. " 'While, generally speaking, a litigant is bound by the actions or inactions of his counsel, there is authority for the proposition that when a plaintiff places his case in the hands of reputable counsel he will not be turned out of court if the delay complained of was almost entirely on account of neglect or oversight of his counsel [citations omitted] . . . .' " *Poluka v. Cole,* 222 Pa. Superior Ct. 500, 504, 295 A.2d 132, 134 (1972), citing and quoting *Manson v. First Natl Bk.,* 366 Pa. 211, 218, 77 A.2d 399, 402-03 (1951). *See also* 5 (revised) Standard Pa. Practice 128.

By expressing reluctance to reverse we do not suggest that a showing of neglect (or "inadvertence") of counsel will be sufficient to support an order opening a judgment. Thus a non pros. will not be set aside where "urgent requests" were ignored by counsel "and the excuse given [was that counsel] was ignorant of the sixty-day rule . . . and had sickness in his family,— neither sufficient." *Hale v. Uhl,* 293 Pa. 454, 458, 143 A. 115, 116 (1928). *And see Smith v. Tonon,* 231 Pa. Superior Ct. 539, 331 A.2d 662 (1974). The dif-

444

ficulty is that on the record before us we cannot tell whether this case is more like *Poluka v. Cole, supra,* or *Hale v. Uhl, supra.* This much is clear: The order opening the judgment cannot be affirmed; there is nothing to support it. However, rather than reverse and thereby penalize appellee for inadvertence of counsel that might come within *Poluka,* we shall remand so that depositions may be taken, after which the court below shall further consider in light of this opinion what order is appropriate.

Order reversed with a *procedendo.*

HOFFMAN, J., did not participate in the consideration or decision of this case.