409 A.2d 884

**Frank THOMPSON and Mary Thompson his wife**

v.

**HAHN MOTORS, INC., Appellant at No. 1776, and Morning Pride Manufacturing Company.**

**Appeal of MORNING PRIDE MANUFACTURING CO., at No. 1752.**

Superior Court of Pennsylvania.

Argued March 22, 1979.

Filed Sept. 7, 1979.

William Francis Anzalone, Wilkes-Barre, for appellant, Morning Pride Mfg. Co., at No. 1752, and appellee at No. 1776.

B. Todd Maguire, Wilkes-Barre, for appellant Hahn Motors, Inc., at No. 1776, and appellee at No. 1752.

Joseph J. Ustynoski, Hazleton, submitted a brief on behalf of appellees Thompson.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court abused its discretion in opening judgments of non pros entered against plaintiffs. We agree and, accordingly, reverse the order of the lower court and reinstate the judgments of non pros.

Plaintiff Frank Thompson, a volunteer fireman, allegedly sustained certain injuries because of a defect in a protective

fire-fighting coat manufactured by appellant Morning Pride Manufacturing Co. and sold by appellant Hahn Motors, Inc. Plaintiffs instituted this action by writ of summons on March 11, 1975. Plaintiffs delayed filing a complaint in the matter, and accordingly, on April 3 and 4, 1975, appellants individually obtained rules on plaintiffs to file a complaint within twenty days or suffer judgments of non pros. Although each appellant individually granted plaintiffs liberal extensions in which to file their complaint, plaintiffs still delayed filing. Accordingly, appellants individually obtained judgments of non pros against plaintiffs on July 15, 1975, and November 26, 1975.[1] On December 1, 1975, plaintiffs finally filed their complaint in this action. Appellants followed with preliminary objections in the nature of motions to strike because of the judgments of non pros. On October 4, 1976, after hearing, the lower court held the motions in abeyance in order to afford plaintiffs an opportunity to proceed by petition and rule to open the judgment. Plaintiffs waited until June 28, 1977, to file their petition to open the judgments of non pros. After further delays for the taking of depositions, the lower court ordered on May 25, 1978, that the judgments of non pros be opened. This appeal followed.

■ " 'A request to open a judgment of non pros is by way of grace and not of right. Its grant or refusal is peculiarly a matter for the lower court's discretion. An appellate court may not reverse the lower court's ruling unless an abuse of discretion is clearly evident.' " *Goldstein v. Graduate Hospital of the University of Pennsylvania*, 441 Pa. 179, 182, 272 A.2d 472, 474 (1971), quoting from *Mazer v. Sargent Electric Co.*, 407 Pa. 169, 171, 180 A.2d 63, 64 (1962). The criteria for opening a judgment of non pros are: "(1) the petition should be timely filed; (2) the reason for the default reasonably explained or excused, and (3) the facts constituting grounds for a cause of action be alleged." *Goldstein, supra* 441 Pa.

1. The July judgment was entered on praecipe of appellant Morning Pride; the November judgment was entered on praecipe of appellant Hahn Motors.

at 182, 272 A.2d at 473–74; *Thorn v. Clearfield Borough*, 420 Pa. 584, 586, 218 A.2d 298, 299 (1966); *Kennedy v. Board of Supervisors of Warminster Township*, 243 Pa.Super. 46, 52, 364 A.2d 442, 445 (1976). Each one of these requirements must be satisfied in order for the opening of a judgment of non pros to be a proper exercise of lower court discretion. *See, e. g., Goldstein, supra* 441 Pa. at 182, 272 A.2d at 474 (failure to reasonably explain delay in filing complaint rendered opening of judgment of non pros an abuse of discretion) *and Boyles v. Sullivan*, 230 Pa.Super. 453, 455, 326 A.2d 440, 442 (1974) (failure to timely file petition to open judgment of non pros "alone is sufficient to justify the lower court's refusal to open the judgment."). With regard to timeliness of filing of the petition to open, we held in *Kennedy v. Board of Supervisors of Warminster Township, supra,* that a petition filed eight months after entry of judgment non pros was not timely where counsel should have known of the entry of the judgment. *See also Boyles v. Sullivan, supra,* (petition to open judgment of non pros filed ten months after entry of judgment held not timely).[2]

■ Although appellants contend that plaintiffs failed both to file timely their petition to open and reasonably explain their delay in filing a complaint, we need reach only the matter of the filing of the petition.[3] By their own

2. *See also McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973), in which our Supreme Court, considering the closely analogous subject of opening a default judgment, noted in dictum that "[a]lthough such a delay might not be considered excessive under certain circumstances, filing the petition to open after two and one-half weeks can hardly be considered prompt." *Id.,* 451 Pa. at 500, 305 A.2d at 700.

3. We note, without deciding, that plaintiffs' explanation of their delay of seven months in filing their complaint is of doubtful reasonableness. Plaintiffs asserted that the delay resulted from difficulties in obtaining relevant medical information and confusion as to whether appellants had granted extensions of time in which to file. However, in *White v. Alston,* 231 Pa.Super. 438, 331 A.2d 765 (1974), we noted that " 'complete medical information' is not a prerequisite to filing a complaint." *Id.,* 231 Pa.Super. at 441, 331 A.2d at 767. Moreover, *Triolo v. Philadelphia Coca Cola Bottling Co.,* 440 Pa. 164, 270 A.2d 620 (1970), strongly suggests that such confusion as plain-

admission in their petition to open, plaintiffs received notice of the entries of judgments of non pros shortly after January 5, 1976, and February 26, 1976 (the dates on which appellants individually filed motions to strike plaintiffs' complaint). Plaintiffs, however, did not file their petition to open the judgments of non pros until June 28, 1977, eighteen months after they had received notice of the judgments and seven months after the lower court had deferred ruling on the motions to strike so that plaintiffs might file just such a petition. Plaintiffs have provided no explanation for this untimely filing of the petition. In granting plaintiffs' petition to open the judgment the lower court made no reference to the delay in filing and apparently did not consider it as a factor.[4] Accordingly, we hold that the lower court clearly abused its discretion in granting the petition to open.

The order of the lower court is reversed, and the judgments of non pros are reinstated.

tiffs cite cannot suffice as a reasonable explanation or excuse for undue delay in filing a complaint.

4. The opinion of the lower court does not reveal any consideration of the three requirements for the opening of a judgment of non pros under *Goldstein, supra.*