419 A.2d 1291

The SERVICE BUREAU COMPANY, Division Control Data Corporation, Appellant,

v.

TAYLOR, MEYER & ASSOCIATES, a partnership, George Taylor and Larry Meyer, Individually and as partners now or formerly t/d/b/a Taylor, Meyer & Associates and TMF Systems, Inc.

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed May 2, 1980.

Robert A. Galanter, Pittsburgh, for appellant.

Alan Frank, Pittsburgh, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellant contends that the lower court erred in opening judgment rendered against appellees. We agree and, accordingly, vacate the order of the lower court and reinstate the judgment.

Appellant, The Service Bureau Company (Service Bureau), instituted this action in assumpsit against appellees, Taylor, Meyer & Associates, George Taylor, and Larry Meyer (Taylor, Meyer), in mid–1975. Subsequently, the case was referred to a board of arbitrators. In February, 1977, the arbitrators awarded $6,627.89 to Service Bureau, and Taylor, Meyer appealed that award to the Court of Common Pleas of Allegheny County. On August 24, 1977, Service Bureau moved to quash the appeal of the award on the ground that Taylor, Meyer had failed to send it a copy of the notice of appeal, as required by a local rule of court.[1] Taylor, Meyer did not file an answer to this motion. Argument on the motion was scheduled for September 16, 1977, but only Service Bureau appeared before the court on that date. After hearing argument from Service Bureau, the court quashed Taylor, Meyer's appeal "for failure to file a notice

1. Rule 306(A)(1) of the Rules of Civil Procedure of the Allegheny County Court of Common Pleas conditions the right to appeal an arbitration award on, inter alia, service of "a copy [of the notice of appeal] upon the adverse party or his counsel." In the present case Taylor, Meyer did not serve a copy of the notice of appeal on Service Bureau, but instead sent counsel a personal letter informing him that an appeal from the arbitration award had been taken. In Mikita v. Bailey Homes, Inc., 265 Pa.Super. 399, 401 A.2d 1367 (1979), this Court held that notice such as that given by Taylor, Meyer to Service Bureau constituted "substantial compliance with . . . the requirements of Rule 306(a)(1)." Id., 265 Pa.Super. at 409, 401 A.2d at 1371. Judge PRICE dissented from the opinion of the majority, viewing as dispositive of the issue this Court's "per curiam affirmance of a lower court order quashing an appeal from an arbitration award due to nonconformance with the local rule here in question," in Morrison v. Union National Bank of Pittsburgh, 244 Pa.Super. 634, 371 A.2d 1310 (1977). Mikita, supra, 265 Pa.Super. at 409, 401 A.2d at 1373.

of appeal with [Service Bureau]".[2]  The order quashing Taylor, Meyer's appeal was docketed in the lower court on September 16, 1977, the date of entry, but the record does not reveal whether Taylor, Meyer was notified of entry of the order pursuant to Pa.R.Civ.P. 236.[3]  Taylor, Meyer did not file a direct appeal from the order.

On October 20, 1977, judgment was entered on the award of the arbitrators.  Eight days later Taylor, Meyer filed a petition to open the judgment.  The basis of that petition was Taylor, Meyer's assertion that it had been deprived of an opportunity to oppose the motion to quash its appeal because Service Bureau had failed to notify it of the date set for argument of the motion.[4]  Taylor, Meyer supported its petition with an affidavit in which its counsel stated that although he had received a copy of the motion to quash, he had never been notified of the argument date.  Service Bureau denied Taylor, Meyer's assertions of lack of notice in its answer to the petition to open, and it filed supporting affidavits to both counsel and counsel's secretary detailing the manner in which it had notified Taylor, Meyer of the date set for argument.  On October 10, 1978, after hearing arguments on the petition to open, the lower court entered an order opening the judgment and reinstating Taylor, Meyer's appeal.[5]  In its opinion the lower court expressly ruled (1) that Taylor, Meyer had received inadequate notice of the date set for argument of the motion to quash, and (2)

**2.**  The court noted on the order that Taylor, Meyer was "informed, but not present."

**3.**  Pa.R.Civ.P. 236(a)(2) provides, in relevant part, that "[t]he prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment  .  .  .  to each party who has appeared in the action or to the party's attorney of record." Pa.R.Civ.P. 236(b) provides, in relevant part, that "[t]he prothonotary shall note in the docket the giving of the notice."

**4.**  Taylor, Meyer alleged additionally in its petition that it had a meritorious defense to Service Bureau's action.

**5.**  The petition to open the judgment was argued before and decided by a different judge from the one who had granted Service Bureau's motion to quash.

that Taylor, Meyer's method of notifying Service Bureau of its appeal from the arbitration award "constituted sufficient notice of appeal to satisfy the requirements." [6] This appeal followed.

We must preliminarily consider the propriety of the manner in which Taylor, Meyer sought relief from the quashing of its appeal of the arbitration award. A party has the right to appeal to this Court an order of the Court of Common Pleas quashing its appeal from an adverse arbitration award. *See, e.g., James F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa. 330, 346 A.2d 765 (1975); *Mikita v. Bailey Homes, Inc.,* 265 Pa.Super. 399, 401 A.2d 1367 (1979); *Friedgen v. Evangelical Manor,* 253 Pa.Super. 216, 384 A.2d 1309 (1978). One wishing to appeal such an order has thirty days after entry of the order in which to file a notice of appeal. Pa.R.App.P. 903(a). "Ordinarily, the failure to appeal within the [thirty–day] period renders the doctrine of res judicata applicable and precludes the vacation of the order after the time of appeal has passed." *Estate of Gasbarini v. Medical Center of Beaver County, Inc.,* 253 Pa.Super. 547, 550, 385 A.2d 474 (1978). *See also Strickler v. United Elevator Co.,* 257 Pa.Super. 542, 391 A.2d 614 (1978); *Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 378 A.2d 893 (1977). A party may not circumvent the rule governing the time for appeal by attempting to open a judgment entered upon a final order which has not been appealed within the mandatory period; to uphold such a procedure "would undermine the validity of the appellate process and permit a party to escape the procedural requirements of perfecting an appeal." *Strickler v. United Elevator Co., supra,* 251 Pa.Super. at 549, 391 A.2d at 618. *See also Estate of Gasbarini v. Medical Center of Beaver County,*

---

**6.** This latter ruling directly contradicted the ruling of the judge who had quashed Taylor, Meyer's appeal for failure to notify Service Bureau in accordance with local Rule 306(A)(1). Although we need not here decide the propriety of this practice, we note that the principle of res judicata ordinarily precludes one judge from ruling on a question which has hitherto been ruled on by another judge of the same court. *Strickler v. United Elevator Co.,* 257 Pa.Super. 542, 551, 391 A.2d 614, 619–20 (1978) (concurring opinion of SPAETH, J.)

*Inc., supra.* Accordingly, if Taylor, Meyer's petition to open judgment were filed after the expiration of the thirty–day period for an appeal from the order quashing its arbitration appeal, it would have been error for the lower court to entertain the petition, much less grant it and reinstate Taylor, Meyer's appeal. *Strickler v. United Elevator Co., supra.*

The thirty–day appeal period does not commence until "the entry of the order from which the appeal is taken." Pa.R.App.P. 903(a). "The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."[7] Pa.R.App.P. 108(b). As noted above, the record in the present case does not reveal whether Taylor, Meyer was notified of entry of the order quashing its appeal, as required by Pa.R.Civ.P. 236(b). Because the thirty–day appeal period does not begin to run until the day the clerk of the lower court notes in the docket that Rule 236(b) notice has been given, we are unable to determine on the present record whether Taylor, Meyer failed to appeal timely the order quashing its appeal from arbitration. Nonetheless, we need not remand for supplementation of the record on this matter, because even if the thirty–day period for direct appeal had not expired and the petition to open were properly entertained, we believe that Taylor, Meyer did not present sufficient facts to warrant the opening of the judgment.

■  Our cases have repeatedly stated that a petition to open a judgment is an appeal to the equitable powers of the court and will not be reversed absent an error of law or a clear abuse of discretion. *See, e.g., Brooks v. Surman Dental Lab, Inc.,* 262 Pa.Super. 369, 370, 396 A.2d 799, 800 (1979) (petition to open default judgment); *Thompson v. Hahn Motors, Inc.,* 269 Pa.Super. 271, 273, 409 A.2d 884, 885 (1979) (petition to open judgment of non pros); *Foerst v. Rotkis,*

7.  *See* note 3, *supra.*

244 Pa.Super. 447, 449, 368 A.2d 805, 807 (1976) (petition to open judgment by confession). Nonetheless, before a court may properly open a judgment the party seeking such relief must (1) timely file his petition to open; (2) show a meritorious defense, or, in the case of a judgment of non pros, allege facts constituting grounds for a cause of action; and (3) reasonably explain the default which occasioned entry of the judgment. *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 272 Pa.Super. 462, 466, 416 A.2d 549, 550 (1979); *Thompson v. Hahn Motors, Inc., supra*, 269 Pa.Super. at 273, 409 A.2d at 885.

■ In the present case Taylor, Meyer attributed entry of the judgment to Service Bureau's alleged failure to notify it of the date set for argument on the motion to quash its appeal. Assuming, *arguendo*, that an excusable failure to appear for argument on such a motion could constitute a reasonable explanation of the default which occasioned entry of judgment, we conclude that Taylor, Meyer nonetheless failed to prove that it was without notice of the argument date. As stated above, Service Bureau filed affidavits of both counsel and counsel's secretary describing in detail the manner in which it had notified Taylor, Meyer of the argument date. Service Bureau appended as exhibits to these affidavits a copy of the letter sent to Taylor, Meyer which clearly indicated the time and place of argument, and a certified mail return receipt signed by a secretary to counsel for Taylor, Meyer evidencing receipt of the envelope allegedly containing the letter of notice. In support of its contention that it did not receive notice of the argument date, Taylor, Meyer submitted only the affidavit of its counsel, in which he admitted receiving the motion to quash but denied receiving any notice of the date set for argument. Taylor, Meyer did not depose or present an affidavit of the secretary who acknowledged receipt of the envelope which Service Bureau claims contained notice of the argument. Neither side presented any testimony on the question of notice at the hearing on the petition to open. "When a

respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and convincing proof." *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 136, 403 A.2d 577, 580 (1979). *See also Zinck v. Smashy's Auto Salvage, Inc.,* 250 Pa.Super. 553, 378 A.2d 1287 (1977).[8] This Taylor, Meyer failed to do.[9] Accordingly, we hold that the lower court committed a manifest abuse of discretion in concluding that Taylor, Meyer was not notified of the argument date and, thus, in opening the judgment and reinstating the appeal. Because we conclude that Taylor, Meyer has not reasonably explained the default which occasioned entry of judgment against it, we vacate the order of the lower court and reinstate the judgment for Service Bureau.

Order vacated and judgment reinstated.

**8.** "The procedure for establishing such proof is provided by Pa.R. Civ.P. 209." *Shainline v. Alberti Builders, Inc., supra,* 266 Pa.Super. at 136, 403 A.2d at 580. Rule 209 provides:

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

**9.** This is not a case in which the lower court decided the petition solely on petition and answer and thereby deprived Taylor, Meyer of an opportunity to prove its allegations in proceedings under Pa.R. Civ.P. 209. *See, e.g., Shainline v. Alberti Builders, Inc., supra; America Corp. v. Cascerceri,* 255 Pa.Super. 574, 389 A.2d 126 (1978); *Zinck v. Smashy's Auto Salvage, Inc., supra.* The parties in the present case proceeded under Rule 209, with Taylor, Meyer taking the deposition of George Taylor on the matter of its defense to the action, and the parties arguing the petition before the lower court. Taylor, Meyer, therefore, had ample opportunity to present the "clear and convincing proof" necessary to support its allegation of lack of notice.