445 A.2d 1302

**Carlene STAWIARSKI and John J. Stawiarski, Her Husband**

**v.**

**Richard M. HALL, D. D. S. and Hall Associates, Ltd., A Professional Corporation, Appellants.**

Superior Court of Pennsylvania.

Argued May 20, 1981.

Filed May 21, 1982.

68

Gail Gratton, Pittsburgh, for appellants.

Joseph M. Ludwig, Pittsburgh, for appellees.

Before HESTER, POPOVICH and DiSALLE, JJ.

PER CURIAM:

Presently before the court is appellants' appeal from the Order of the lower court dated October 10, 1980, wherein the lower court reactivated appellees' cause of action;[1] and appellees' motion to quash appellants' appeal.

---

[1] The appealed-from Order provides:

"ORDER OF COURT

AND NOW, to-wit, this 10th day of October, 1980, upon presentation and consideration of the within Petition it is hereby ORDERED, ADJUDGED and DECREED that the Plaintiffs are permitted to proceed and that the subject suit is hereby reactivated.

BY THE COURT,

/s/ McGowen"

We deny appellees' Motion to Quash Appeal; in addition, we vacate the October 10, 1980 Order of the lower court and reinstate the termination of appellees' cause of action pursuant to Allegheny County Local Rule 229(e).

■ Addressing first appellees' Motion to Quash appellants' appeal, we conclude that pursuant to Pa.Rules of Appellate Procedure 311(a)(1), appellants have the *right* to file the instant appeal, sans permission, notwithstanding the interlocutory nature of the appealed-from Order.

Pa.R.A.P. 311, which implements 42 Pa.C.S.A. § 5105(c) (Interlocutory Appeals) provides in relevant part:

Rule 311. Interlocutory appeals as of Right

(a) General Rule. Except as otherwise prescribed by general rule, an appeal may be taken as of right from:

(1) *Affecting judgments.* An order opening, vacating or striking off a judgment, or refusing to open, vacate or strike off a judgment.

Amended November 30, 1978, May 16, 1979 and February 27, 1980.

The appealed-from Order constitutes "an order opening, vacating or striking off a judgment...", which judgment terminated appellees' cause of action by operation of law on May 18, 1979.[2] Thus appellants filed their timely appeal *as of right* for the reason that neither permission nor leave to file same was required.

Appellants contend that the lower court abused its discretion when it found that appellees had satisfied the "good cause shown" standard set forth below. We agree and therefore vacate the Order of the lower court.

It also must be noted that appellees erroneously identified their triggering pleading as a "Petition to Reactivate *Complaint*." Appellees' action was initiated on April 18, 1977 by the filing of a Writ of Summons in Assumpsit and Trespass, returnable May 18, 1977. Both appellants were properly served with writs on May 18, 1977. A *Complaint* has never been filed of record.

**2.** As authorized by Pa.Rules of Judicial Administration 1901(c) and pursuant to Allegheny County Local Rule 229(3), the class of cases of which this is one, is deemed terminated without further docket entry and excluded from the docket system.

Allegheny County Local Rule 229(e) regarding the termination by operation of law of inactive cases provides:

Any matter pending in the Civil or Family Division in which there has been no activity of record for a period of two (2) years or more shall be terminated automatically by operation of law by reason of inactivity. The first period of two years is to begin on January first, 1973. The matter may be reactivated by the Court upon petition for *good cause shown* after such notice as the Court shall direct. The filing of a paper after automatic termination under this rule shall not reactivate the terminated matter. (Emphasis added).

■ Imposing the same three-part "good cause shown" burden on the moving party as is applicable in a proceeding to open a judgment of *non pros* (*Corcoran v. Fiorentino*, 277 Pa.Super. 256, 419 A.2d 759 (1980)), we conclude that the lower court abused its discretion when it reactivated the instant case. The three criteria which must coalesce include: (1) The petition to reactivate must be timely filed; (2) The reason for the delay must be reasonably explained; and (3) The facts constituting grounds for the underlying cause of action must be alleged.

■ There is no evidence of record which, even when reviewed in a light most favorable to the appellees, satisfies either of the first two criteria; *to-wit*: That the petition to reactivate was timely filed or that the appellees offered a reasonable explanation for the inactivity in their lawsuit.

Appellees' action was terminated by operation of law pursuant to Local Rule 229(e) set forth above on May 18, 1979; there being no activity of record for two (2) years. Thereafter, no activity of record occurred until the Fall of 1980—more than one year and four months later—when their petition to reactivate was presented. There is, therefore, nothing of record to support a finding that appellees' Petition to Reactivate was timely filed.

In addition, appellees offer no legally sufficient explanation to justify the two (2) year period of inactivity (from

May 18, 1977 when service of the writs was effectuated, until May 18, 1979 when their cause of action was terminated by operation of law). The only allegation which touches upon this issue can be found in paragraph eleven (11) of appellees' verified Petition wherein it is alleged:

11. The Plaintiffs recently contacted attorney Joseph M. Ludwig, Esquire, with respect to the case, having become exasperated due to the inactivity of the case with their former attorney.

In *Dupree v. Lee*, 241 Pa.Super. 259, 361 A.2d 331, 335 (1976), this court held:

If counsel's mistake, oversight, or neglect is to be a reason to vacate a non pros, that mistake, oversight or neglect *must* be *reasonably* explained. *White v. Alston*, 231 Pa.Super. 438, 331 A.2d 765 (1974). As was stated in *Hale v. Uhl*, 293 Pa. 454, 458, 143 A. 115, 116 (1928), "If for such unsubstantial reasons a salutory rule of court could be set at naught, it would be useless, and a defendant would be unable to protect himself from intolerable delays." If counsel's explanation or excuse for his mistake, oversight, or neglect, is *reasonable*, then the second criteria for opening a non pros will be met and the non pros may be vacated. However, if counsel merely states that he was negligent *without offering a reasonable explanation or excuse*, we are left with no alternative but to refuse to vacate the non pros. The argument that refusing to vacate a judgment of non pros punishes the plaintiff for his counsel's negligence is not supported by decisional law when counsel's negligence is not reasonably explained. There must be some point at which our courts must refuse to accept an attorney's negligent representation of his client when it interferes with the orderly administration of justice.

(Emphasis added).

It is abundantly clear that an allegation of exasperation with a former attorney, without much more, does not constitute a legally sufficient explanation to justify in excess of two years of record inactivity so as to warrant the reactivation of a proceeding terminated by operation of law.

Appellees' Motion to Quash Appeal is denied.

The Order of the lower court dated October 10, 1980 is vacated and we reinstate the automatic termination by operation of law of appellees' cause of action in accordance with Allegheny County Local Rule 229(e).

DiSALLE, J., did not participate in the consideration or decision of this case.