462 A.2d 793

**Alvira BOTTERO, Appellant,**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, INC. and Abe Greenberg, and Ivyridge Investment Corporation.**

Superior Court of Pennsylvania.

Argued March 22, 1983.

Filed July 1, 1983.

Petition for Allowance of Appeal Denied Oct. 13, 1983.

Julius E. Fioravanti, Philadelphia, for appellant.

James C. Stroud, Philadelphia, for appellees.

Before HESTER, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court denying a petition to open judgment which was filed by appellant, Alvira Bottero.[1] We affirm.

The facts in this case are as follows:

Appellant-plaintiff filed a summons in trespass on December 22, 1978, after she had fallen in a shopping center which was owned by two of the defendants, Abe Greenberg and Ivy Ridge Investment Corporation. Appellee-defendant, The Great Atlantic & Pacific Tea Company, Inc. (A & P) rented one of the stores in the shopping center, and appellant fell some distance from the A & P store.

Appellant served notice on A & P; however, no service was effectuated on the other two defendants. Approximately a year and a half later, on April 29, 1980, appellee filed a rule on appellant to file a complaint. However, no complaint was filed. Six weeks later, on July 8, 1980, a non pros was entered against appellant for failing to file a complaint.

Over one year later, on October 14, 1981, appellant filed a petition to open judgment. However, before appellant filed the petition, another procedural scenario developed. On or

---

1. The order appealed is an interlocutory one, from which an appeal may be taken as of right. See Pa.R.A.P. 311(a)(1).

about October 15, 1980, the trial court denied appellant's request to extend the time for filing a certificate of readiness. The trial court ordered the certificate to be filed no later than October 30, 1980. On October 21, 1980, appellant filed a certificate of readiness even though neither a complaint had been filed nor had service been effectuated on the remaining two defendants. Approximately ten months later, the matter was assigned to arbitration and listed for an arbitration hearing. The hearing never was held because no complaint had been filed and judgment of non pros already had been entered. This appeal followed.

Appellant does not dispute the fact that notice was given. Rather, appellant argues that the trial court abused its discretion when it refused to open the judgment of non pros because no further notice of intent to enter the judgment was given, because the default and delay was excused by counsel's illness and personal problems, and because counsel immediately attempted to negotiate the opening of the default judgment. We reject appellant's contentions.

In determining whether a court has ruled properly on a petition to open judgment, we have said the following:

"A petition to open a judgment is an appeal to the court's equitable powers and is a matter for judicial discretion. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Hamborsky v. Magyar Presbyterian Church* [78 Pa.Super. 519], *supra*. In considering a petition to open a judgment, the court may consider matters dehors the record. *See Matlock v. Lipare*, 243 Pa.Super. 167, 170–71, 364 A.2d 503, 504 (1976)."

*Kophazy v. Kophazy*, 279 Pa.Super. 373, 375, 421 A.2d 246, 247 (1980).

Moreover, we recognize that:

"The criteria for opening a judgment of non pros are: (1) the petition must be timely filed; (2) the reason for the default reasonably explained or excused; and, (3) the facts constituting grounds for the cause of action be alleged."

"To the same effect: *Goldstein v. Graduate Hospital of University of Pennsylvania,* 441 Pa. 179, 272 A.2d 472 (1966); *Thorn v. Clearfield Borough,* 420 Pa. 584, 586, 218 A.2d 298 (1966); *Dupree v. Lee,* 241 Pa.Super. 259, 262, 361 A.2d 331, 333 (1976); *Johnson v. Mulhall,* 230 Pa.Super. 183, 185, 326 A.2d 439, 440 (1974); *Matyas v. Albert Einstein Medical Center,* 225 Pa.Super. 230, 233, 310 A.2d 301, 302 (1973)"

*Faulks v. Papo Bar, Inc.,* 280 Pa.Super. 454, 456–57, 421 A.2d 810, 811 (1980).

These factors must coalesce, and in any event, an appellate court may not reverse the trial court's ruling unless an abuse of discretion is evident from the record. *Kophazy v. Kophazy, supra.*

When the above factors are applied to the instant case, it is clear that the trial court did not abuse its discretion in denying appellant's petition to open judgment.

■ With respect to appellant's argument that she should have received further notice of appellee's intent to enter a non pros, the law imposes no such requirement. In accordance with Pa.R.C.P. 1037(a) appellee filed a praecipe for the trial court to enter a rule upon the appellant to file a complaint within twenty days "after service of the rule." When no complaint was filed, appellee petitioned the trial court to enter a judgment of non pros. The commentary to Pa.R.C.P. 237.1 contains the following appropriate language explaining why appellee did not have to give appellant further notice:

"**Scope of Rule**

Rule 237.1 requires prior notice of intent to enter a default judgment and applies to all default judgments, except in two instances: (1) those in which the judgment is entered pursuant to an order of the court or pursuant to a rule to show cause requiring action to be taken within a specified period of time under penalty of default; and (2) those actions in which prior special notice of default under Section 403(a) of Act No. 6 of 1974 and Rule 2984(2) is required in connection with residential

mortgages as defined in the Act and regulations thereunder. In the latter instance, notice under Rule 237.1 would be duplicative.

*A familiar illustration of a situation where notice is not required is a judgment of non pros under Rule 1037(a) where an action is commenced by a writ of summons without a complaint,* a defendant by praecipe may enter a rule as of course upon the plaintiff to file a complaint within twenty days after service of the rule or suffer judgment of non pros. Upon failure to file the complaint within the time fixed, the defendant can proceed by praecipe to have a judgment of non pros entered by the prothonotary. *Here, a further notice of intent to enter the default would be unjustified. The plaintiff has already received a twenty-day notice."*

(emphasis added).

In view of the above, a further notice of intent to enter a default was unnecessary.

■ Appellant's allegation concerning the fact that counsel's illness and personal problems excused the default and delay is also without merit. In the petition to open, appellant alleged the following set of facts:

"...

17. Furthermore, on May 19, 1980, your Petitioner [appellant's attorney] sustained a stroke and was rushed by Philadelphia Rescue Squad from his office at 2105 Two Girard Plaza, Philadelphia, to the Hahnemann Hospital, Philadelphia, Pennsylvania.

18. That your Petitioner was then and there treated by the hospital authorities and was diagnosed as a hypertension problem and since that time, he has been under the care, treatment, and daily medication of Dr. Richard Pennock, Cardiologist, Hahnemann Hospital, Philadelphia.

19. That because of the aforesaid, your Petitioner was out of the office for about one month, recouperating and

did not return to his office on a full time basis until the Fall of 1980.

20. Furthermore, your Petitioner resides alone at 240 Spruce Street, Philadelphia, and in November, 1980, pursuant to a painting contract with painters to paint his residence, said painters accidentally started a fire which destroyed the roof of your petitioner's residence. Your petitioner therefore, had to contribute two weeks of his time at his residence, for insurance inspections, construction and labor workers, Fire Department interviews and similar chores which only could be done by your petitioner.

21. That on or about April 17, 1981, your Petitioner popped a right inguinial hernia and entered St. Mary's Hospital on April 21, 1981, for surgery and remained there until May 5, 1981.

22. That your Petitioner was again required to recouperate for the summer months of 1981 and returned to the full-time practice of law in the Fall of 1981.

23. Furthermore, Plaintiff's son-in-law suddenly passed away in 1980, whereupon Plaintiff retired from her job and was unavailable for a period of time thereafter.

24. That your Petitioner was admitted to the Bar in 1962 and is a sole practitioner.

25. That your petitioner is active in trial, Bar and Community matters as are most other counsel, the paper work being voluminous, respectfully suggests that more communication between counsel would have averted this situation.

26. That your petitioner would have expected that opposing counsel would have inquired why the Complaint had not been filed after receiving a letter that it was being filed with the Court (and a copy) as he would have done if the circumstances were reversed."

"PETITION TO OPEN JUDGMENT NON PROS at 3–4.

The trial court examined these facts and said:

"Counsel for the plaintiff [appellee,] attempts to explain his failure to file a complaint by stating that he became ill

in May of 1980 and later in April, 1981. In spite of this, however, on August 22, 1980, plaintiff formally forwarded a copy of a proposed complaint to counsel for the defendant [appellee].

There is no explanation for plaintiff's failure to take any action between the date of filing the summons (December 22, 1978) and August 22, 1980, nor was any motion to remove the non pros filed until October 16, 1981. It is also to be noted that plaintiff's counsel is an active and busy practitioner who has frequently appeared before this Court on many occasions since December 22, 1978 and many other Courts as well. The reasons given for delay in this case do not justify the removal of the non pros. *Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128, 131."

Trial Court's Opinion at 11–12.

Appellant has not offered any facts in opposition to the trial court's statements. Instead, appellant merely counters by stating that "[t]he courts have not been hesitant to open judgments caused by counsel's illnes or delay". Brief for Appellant at 8. Because appellant has failed to explain sufficiently his forwarding of a copy of a proposed complaint to counsel for the appellee during the time when he was alleged to be ill, the trial court's resolution of the credibility issue will not be disturbed.

 Appellant also contends that his petition to open judgment was filed promptly because counsel attempted to negotiate the opening of the judgment immediately. However, appellant conceded in the petition to open that "counsel for defendant, [appellee,] A & P, after receiving the copy of the Complaint herein and after discussing the matter with his principal, stated to your petitioner [, counsel for appellant,] that he was not in any position to enter into any stipulation to open the judgment because he did not have authority from his principal." PETITION TO OPEN JUDGMENT NON PROS" Allegation #14. Additionally, the record shows that a letter from appellee's counsel dated August 22, 1980, states that "We [, appellee's counsel,]

cannot maintain this file indefinitely in the present status and if we do not receive the Complaint by August 29, 1980 we will close our file." "PETITION TO OPEN JUDG-MENT NON PROS", Exhibit "C". Notwithstanding this information, appellant waited until over one year later, on October 14, 1981 to file a petition to open.

Appellant argues that "[a]lthough [appellant's] counsel promptly began negotiations to open the judgment counsel for [appellees] equivocated and never delivered a clear refusal." Brief for Appellant at 5. However, the record shows that on August 20, 1981, appellee's attorney stated in a "ARBITRATION PROGRAM PETITION" that [a] judgment of non pros was entered in this matter on July 8, 1980 and notice was subsequently given. There is no controversy to arbitrate as the litigation ended over one year ago." "ARBITRATION PROGRAM PETITION" Allegation # 9. Then, in a letter dated October 13, 1981, appellee advised that the "matter be returned to the Prothonotary's office as a closed matter."

However, even viewing the evidence in a light most favorable to the appellant, there was no statement in appellant's petition that negotiations were being conducted after August 20, 1981, when appellee's "ARBITRATION PRO-GRAM PETITION" was filed which stated that "[a] judgment of non pros was entered in this matter ... [and that] there is *no controversy to arbitrate* as the litigation ended over one year ago" (emphasis added). As a result, the unexplained six week delay which occurred in filing appellant's petition to open was not timely, and the trial court did not abuse its discretion in refusing to grant appellant's petition to open.

In view of our disposition, there is no need to consider whether there were facts sufficient to allege a cause of action.

Order of the trial court is affirmed.

JOHNSON, J., concurs in the result.