484 A.2d 137

Henry BUXBAUM and Grace Buxbaum, in her own right

v.

Federico A. PEGUERO, M.D. and Federico A. Peguero, M.D., P.A., a Corporation, Thomas Javian, M.D. and Thomas Javian Associates, Inc., a Corporation and Delaware Valley Medical Center.

Appeal of Federico A. PEGUERO, M.D. and Federico A. Peguero, M.D., P.A., a Corporation.

Henry BUXBAUM and Grace Buxbaum, H/W, in her own right

v.

Federico A. PEGUERO, M.D. and Federico A. Peguero, M.D., P.A., a Corporation, and Thomas Javian, Jr., M.D. and Thomas A. Javian, Jr., M.D. & Associates, Inc., a Corp. and Delaware Valley Medical Center, Inc., a Corp.

Appeal of Thomas A. JAVIAN, Jr., M.D. and Thomas A. Javian, Jr., M.D. and Associates, Inc.

Superior Court of Pennsylvania.

Argued March 15, 1984.

Filed Nov. 9, 1984.

Bernard W. Smalley, Philadelphia, for Peguero, appellants (at No. 2516) and appellees (at No. 2517).

Fredric L. Goldfein, Philadelphia, for Javian, appellants (at No. 2517) and appellees (at No. 2516).

Carl M. Mazzocone, Philadelphia, for Buxbaum, appellees.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

These are appeals from an order opening a judgment of non pros entered in a medical malpractice case after plaintiffs had failed to file a complaint within twenty days following service of a rule directing them to do so. Our examination of the record fails to reveal an abuse of discretion by the trial court. Therefore, we affirm.

The action was commenced by Henry and Grace Buxbaum who caused a writ of summons to issue naming Doctors Federico A. Peguero and Thomas A. Javian, Jr., and their respective professional corporations, as well as Delaware Valley Medical Center, Inc., as defendants.[1] The summons was served on Dr. Javian and his corporation on April 15, 1982 and on Dr. Peguero's corporation on April 17, 1982. Dr. Peguero, however, was not served personally until June 1, 1982. On April 20, 1982, a rule to plead was served upon the plaintiffs on behalf of Dr. Javian and his corporation. The rule was filed in the prothonotary's office

---

[1]. Delaware Valley Medical Center, Inc. did not cause a judgment of non pros to be entered and is not a party to the present appeal.

on April 26. A similar rule on behalf of Dr. Peguero was served on the plaintiffs on April 29 and filed the following day.[2] When a complaint was not filed in accordance with the rule, judgments of non pros were entered in favor of Dr. Peguero and his corporation on May 25 and in favor of Dr. Javian and his corporation on May 26, 1982. A petition to open or strike these judgments was filed by the plaintiffs on May 28, 1982. After the trial court had opened the judgments of non pros, separate appeals were filed by the physician defendants and their corporations and consolidated for argument before this Court.

"A Petition to Open a judgment of non pros is addressed to the equitable powers of the court. It is a request to open a judgment of non pros by way of grace and not of right. Its grant or refusal is within the [trial] court's discretion, which will not be reversed on appeal absent a showing of abuse of discretion." *Walker v. Pugliese,* 317 Pa.Super. 595, 599, 464 A.2d 482, 484 (1983). See also: *Bottero v. Great Atlantic & Pacific Tea Co.,* 316 Pa.Super. 62, 64, 462 A.2d 793, 795 (1983); *Hutchings v. Trent,* 304 Pa.Super. 376, 378, 450 A.2d 729, 730 (1982); *Kophazy v. Kophazy,* 279 Pa.Super. 373, 375, 421 A.2d 246, 247 (1980); *Thompson v. Hahn Motors, Inc.,* 269 Pa.Super. 271, 273, 409 A.2d 884, 885 (1979). In general, a judgment of non pros will not be opened unless three factors coalesce: "1) the petition must be timely filed; 2) the reason for the default must be reasonably explained or excused; and 3) the facts constituting grounds for the cause of action must be alleged." *Vorhauer v. Miller,* 311 Pa.Super. 395, 401, 457 A.2d 944, 948 (1983). See also: *Wurster v. Peters,* 318 Pa.Super. 46, 49, 464 A.2d 510, 511 (1983); *Chaplynsky v. Broad Street Hospital,* 305 Pa.Super. 497, 501, 451 A.2d 757, 759 (1982); *Stawiarski v. Hall,* 300 Pa.Super. 67, 70, 445 A.2d 1302, 1303 (1982); *Kennedy v. Board of Supervi-*

---

2. Although an appearance had been entered on behalf of both Dr. Peguero and his corporation, the rule to plead purported to be filed only on behalf of Dr. Peguero individually. Because of the decision we reach, we find it unnecessary to determine whether a judgment of non pros entered in favor of the corporation was susceptible to a motion to strike.

*sors,* 243 Pa.Super. 46, 52, 364 A.2d 442, 445 (1976). There is no dispute that the appellee-plaintiffs in this case have satisfied the first and third requirements. The only issue on appeal is whether the trial court properly concluded that appellees had reasonably explained their failure to file a complaint within the time allowed.

Appellees' amended petition to open, filed June 1, 1982, stated: "Although the complaint to be filed in this matter was prepared for filing by May 10, 1982, plaintiffs were out of town, or otherwise unavailable for almost the entire month of May, 1982 up until May 24, 1982 and counsel for plaintiffs were [sic] therefore unable to obtain the requisite affidavit to be attached to the Complaint in order for it to be filed." This is supported by a separate affidavit by Henry Buxbaum, which stated, in pertinent part, as follows: "On May 6, 1982 I, my wife Grace ... and our son ... did embark on a vacation trip in a camper during which trip I and my wife were not reachable by telephone, letter or any other means of communication, and which trip ended upon our return on May 24, 1982." The amended petition stated further: "Counsel for plaintiffs was waiting only for the return of plaintiffs from out of town to prepare the requisite affidavit ... in order to file the Complaint in this matter...."

Appellants argue that the trial court abused its discretion in opening the judgment because this was not a reasonable excuse for the delay in filing the complaint. Appellants contend that counsel for appellee-plaintiffs could have avoided the judgment of non pros by (1) attaching a verification by a non-party as permitted by Pa.R.C.P. 1024(c); (2) by petitioning the court for an extension of time; or (3) by requesting additional time from appellants or their counsel. Because plaintiff's counsel did none of these things, it is argued, the default cannot be excused. These arguments concede, however, that in any event the default was attributable to an error of counsel. There was no intentional delay by the plaintiff-appellees.

■ "While, generally speaking, a litigant is bound by the actions or inactions of his counsel ... when a plaintiff places his case in the hands of reputable counsel he will not be turned out of court if the delay complained of was almost entirely on account of neglect or oversight of his counsel...." *White v. Alston*, 231 Pa.Super. 438, 443, 331 A.2d 765, 768 (1974), quoting *Poluka v. Cole*, 222 Pa.Super. 500, 504, 295 A.2d 132, 134 (1972). "Any person entrusting a matter to an attorney in this Commonwealth should be able to believe that the matter will be competently and diligently handled." Therefore, attorney neglect may provide sufficient justification for a party's failure to respond to process, especially where there have been no negotiations or attempts by the opposing party to draw the attention of counsel to the case or to ward off a possible default judgment. *Commonwealth, Department of Transportation v. Nemeth*, 497 Pa. 580, 584–585, 442 A.2d 689, 691 (1982).

In *Toplovich v. Spitman*, 239 Pa.Super. 327, 361 A.2d 425 (1976), we explained the overriding importance of equity in applying the three-part test for opening a judgment:

Our consideration as to the presence or absence of these requirements is tempered by our application of equitable principles, for we sit as would a chancellor in equity to determine how best justice can be served. Our deliberations of an equitable nature will be addressed to a weighing of the prejudices inflicted upon the opposing parties by whatever inaction of counsel occasioned the right of the successful party to obtain judgment.

*Id.*, 239 Pa.Superior Ct. at 329, 361 A.2d at 426 (citations omitted). In *Toplovich*, appellants' counsel had negligently failed to mail an answer to the prothonotary in time to avoid a default judgment. This Court held that the trial court had abused its discretion when it refused to open the judgment.

■ Here, as the trial court observed, the complaint was filed within two weeks of the time therefor, and no prejudice resulted to the defendant-appellants as a result of the

late filing. "Our task on review of discretion is not to substitute our judgment for that of the [trial] court but to determine if the ... court's action was manifestly unreasonable." *Saint Vladimir Ukrainian Orthodox Church v. Preferred Risk Mutual Insurance Co.*, 239 Pa.Super. 492, 501, 362 A.2d 1052, 1058 (1976). We cannot conclude under the circumstances of this case that it was manifestly unreasonable to excuse the negligence of counsel and open the judgment of non pros.

We agree with appellants that the procedure followed by appellees and by the trial court was deficient. After appellants had claimed insufficient knowledge or information and demanded proof of appellees' absence at the time when their affidavit was required, the proper means by which appellees could establish that fact was as provided in Pa.R.C.P. 209. The depositions required by that rule cannot be avoided by substituting an ex parte affidavit. See: *Hutchings v. Trent, supra,* 304 Pa.Super. at 382 n. 2, 450 A.2d at 732 n. 2. However, appellants did not file an answering affidavit and have not denied the veracity of the facts recited in the petition or affidavit except via a demand for proof. To remand for the taking of depositions under the circumstances of this case would merely delay disposition by requiring appellees to state anew the fact which they have already stated under oath. See: *Bensalem Township v. Terry,* 317 Pa.Super. 380, 464 A.2d 371 (1983). Appellants have not suggested on appeal that the default which enabled them to obtain the judgment of non pros was caused by anything other than counsel's neglect. Under these circumstances, we will not remand for depositions. It seems clear that the trial court did not abuse its discretion by opening the judgment of non pros. All the equities required it.

Order affirmed.

CAVANAUGH, J., files a dissenting opinion.

296

CAVANAUGH, Judge, dissenting:

I respectfully dissent from the majority's determination that appellant's counsel's negligence constitutes a reasonable explanation or excuse to provide a basis for the opening of the judgment of non pros.

Counsel's neglect in this case can not be reasonably explained since there were, as the majority indicates, feasible alternatives available which counsel could have employed in order to avoid the judgment of non pros. *Moore v. Heebner, Inc.*, 321 Pa.Super. 226, 467 A.2d 1336 (1983).