419 A.2d 727

**Edith T. MOSS, Appellant,**

v.

**CONSOLIDATED RAIL CORPORATION.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed April 25, 1980.

194

George A. Priestley, Philadelphia, for appellant.

Norman M. Hegge, Jr., Philadelphia, for appellee.

Before PRICE, WIEAND and VAN der VOORT, JJ.*

VAN der VOORT, Judge:

This is an appeal from an Order granting a Motion to open a default Judgment. On January 11, 1977, appellant, Edith T. Moss, sustained injuries from a fall occurring on the ice and snow covered premises of the Sedgwick Train Station in Philadelphia, which appellant avers were negligently maintained by Consolidated Rail Corporation (Conrail), the appellee herein.

On August 2, 1978, appellant filed a Complaint in trespass against the appellee which was served the following day.

* Judge DONALD E. WIEAND is sitting by special designation.

Under circumstances hereinafter detailed, appellee failed to file a responsive pleading and appellant took a default Judgment on October 20, 1978, without prior notice to the appellee. On October 30 and November 2, 1978, counsel for the appellee wrote to counsel for the appellant with an explanation of the reason for failing to plead to the Complaint and requesting consent to open the default Judgment. The request was denied and on November 8, 1978, appellee filed a Petition to open the Judgment, explaining in some detail the circumstances of the default and pleading a meritorious defense. On November 16, 1978, the trial Court granted a Rule to Show Cause why the Judgment should not be opened. By consent, the issue was submitted to the Court for a ruling on the basis of written briefs, but without a hearing or oral argument. On December 11, 1978, the Court entered an Order opening the Judgment. This appeal is from the entry of that Order.

A Petition to open a judgment is an appeal to a Court's equitable powers, the exercise of which is a matter of judicial discretion and normally granted only when three factors coalesce: (1) the Petition has been promptly filed; (2) a meritorious defense has been shown; and (3) the default has been satisfactorily explained. A lower court's ruling, either opening or refusing to open a default judgment, will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion: *Balk v. Ford Motor Company*, 446 Pa. 137, 140, 285 A.2d 128, 131 (1971); *DiNenno v. Great Atlantic and Pacific Tea Company*, 245 Pa.Super. 498, 499–500, 369 A.2d 738, 739 (1976). In a trespass action, a meritorious defense need not be shown if the other equities are clear. *DiNenno*, supra.

It is not disputed that the first two requirements have been met. The appellee filed its Petition to open Judgment less than three weeks after the default Judgment was entered and during that interval attempted to negotiate a reopening by consent. Appellee's defense on the merits is that the Sedgwick Station where the appellant was injured was controlled and maintained by the Southeastern Pennsyl-

vania Transportation Authority (SEPTA) and that the appellee, Conrail, had nothing whatever to do with the maintenance or operation of the station. The Petition further discloses that appellee, Conrail, had turned appellant's claim over to SEPTA for handling some ten months before appellant filed its Complaint against appellee, Conrail; and that SEPTA had been in communication with appellant's counsel about the details of the injury prior to the Complaint against the appellee, Conrail. The Petition avers SEPTA's position to be that it has investigated the appellant's claim and finds no basis for liability on the part of either SEPTA or the appellee, Conrail. In short, a meritorious defense is asserted with respect to both the appellee and SEPTA.

The only disputed issue is whether the appellee has offered a reasonable explanation of its failure to answer the Complaint before the default Judgment was entered. Appellee's explanation is found in Paragraphs 13 through 16 of its Petition. We are there informed that appellant's Complaint was served on appellee, Conrail, on August 3, 1978. On August 9, 1978, counsel for the appellee instructed his secretary to send the Complaint to SEPTA to defend on behalf of the appellee, SEPTA having earlier agreed with appellee to assume its defense inasmuch as the site of the alleged accident was on SEPTA's premises. Counsel's instruction was not carried out and the Complaint was inadvertently placed in Conrail's master file instead of being forwarded to SEPTA for processing. This master file was intended for matters being administered by out–of–town counsel retained by appellee's legal department.

At the time of this mistake, Conrail's litigation section of its Legal Department was in the process of reorganizing its secretarial staff and filing department. A computerized information and docket keeping system had been installed only three weeks prior to the service of the Complaint. Recently hired personnel were responsible for appellee's error in filing the document instead of sending it to SEPTA. It was not until receipt of notice of the default Judgment that the appellee discovered that the Complaint had not

been forwarded to SEPTA to prepare an Answer on behalf of Conrail denying any responsibility for maintenance or operation of the Sedgwick Station premises. Appellee has since refined its procedure to reduce the risk of such an error being repeated.

Appellant has not been harmed in any way by the appellee's default. After the default Judgment was entered, counsel for the appellee advised appellant's counsel that suit should have been entered against SEPTA instead of the appellee, and that the statute had not yet run on the filing of such a claim. Subsequently, appellant instituted an action against SEPTA in the Court of Common Pleas of Philadelphia County at No. 3164 January Term, 1979, pleading the same claim on injury that she makes in this case.

Upon consideration of the Petition and Answer, the trial judge accepted the appellee's explanation as satisfactory and opened the Judgment. We find no abuse of discretion in this ruling.

The appellant makes the further argument that the issue was not ripe for decision by the lower Court because the appellee should have been required to support its explanation of the default by depositions or other evidence under Rule 209 Pa.R.C.P. However, appellee's explanation of the default is sworn to by appellee's counsel who was in charge of the office where the mistake occurred. The appellant's Answer to the Petition to Reopen does not dispute the accuracy of the appellee's explanation, but simply avers that she has no knowledge of its truth or falsity. This did not raise a disputed issue of fact which required further testimony and neither party requested the Court to order such a step under Rule 209. A deposition by appellee's counsel would simply have repeated what he had already sworn to in the Petition. In any event, this issue was not raised in the Court below and cannot be raised for the first time on appeal. See Rule 302 Pa. R.A.P.

Affirmed.