464 A.2d 371

BENSALEM TOWNSHIP, Appellant,

v.

Wayne TERRY and Harry Terry, Individually and t/a Terry's Mobile Home, Inc., and William and Lois Havrilla.

Superior Court of Pennsylvania.

Argued Sept. 8, 1982.

Filed July 29, 1983.

Leslie G. Dias, Bensalem, for appellant.

Warren L. Simpson, Jr., Philadelphia, for appellees.

Before BROSKY, ROWLEY and MONTGOMERY, JJ.

ROWLEY, Judge:

This is an appeal from an order granting the petition of William and Lois Havrilla, Appellees, to open a default judgment entered against them and in favor of appellant. For the reasons which follow, we affirm.

Appellant, Bensalem Township, instituted an action in equity against Appellees, William and Lois Havrilla, as well as the Havrillas' lessors, Wayne and Harry Terry. The Township seeks to have the Havrillas' mobile home removed

from its present location because, as alleged by appellant, (1) it is in violation of one or more unspecified zoning ordinances; (2) the Havrillas failed to comply with other zoning ordinances in failing to obtain occupancy and other unspecified permits; and (3) the mobile home partially blocks ingress and egress to the Terrys' mobile home park thereby creating a public nuisance. The Township's complaint was properly served on July 7, 1980. On July 28, 1980, not having received an answer from appellees,[1] the Township mailed to the Havrillas a notice of intention to take default judgment in accordance with Pa.R.C.P. No. 237.1. The Township caused a default judgment to be entered against the Havrillas on August 15, 1980, because they had not yet served or filed their answer to the complaint. The Havrillas received notice of the judgment on August 18, 1980. Counsel for the Havrillas entered his appearance on September 8, 1980. On October 24, 1980, the Havrillas filed a petition to open the default judgment, accompanied by supporting affidavits. On November 5, 1980, the Township filed an answer and new matter to the petition. The Havrillas responded with a reply to the new matter, supported with further affidavits, and a memorandum of law which were filed on November 24, 1980. The Township filed its memorandum of law on November 25, 1980. On December 8, 1980, the Havrillas filed yet another memorandum with three more affidavits. On December 30, 1980, the trial court entered an order granting the Havrillas' petition. Approximately three weeks later, the Township filed the instant appeal.[2]

Our review of such orders is limited by several well-settled principles.

1. The Terrys filed preliminary objections both to the complaint and the amended complaint. These objections were sustained and the record does not reveal whether a second amended complaint has as yet proceeded beyond the preliminary objection stage.

2. The Township attempts to invoke our jurisdiction under 42 Pa.C.S.A. § 742. However, we entertain this appeal under the authority of 42 Pa.C.S.A. § 5105(c) (Right to appellate review: Interlocutory orders) and Pa.R.A.P. No. 311(a)(1) (Interlocutory Appeals as of Right: Affecting judgments).

A petition to open a default judgment ... is an appeal to the equitable power of the court and is to be exercised only when three factors coalesce: 1) the petition has been promptly filed; 2) a meritorious defense can be shown; 3) there is a reasonable excuse for failure to file an answer.... This court will not reverse a lower court ruling, either opening or refusing to open a default judgment, unless an error of law or a clear manifest abuse of discretion is shown.

*Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 133–134, 403 A.2d 577, 579 (1979) (citations omitted). The Township presents five questions [3] encompassing all of the issues attendant upon a petition to open a default judgment. They are:

I. Did the Lower Court properly exercise its discretion in opening the default judgment?

II. Was Pa.R.C.P. 209 [sic] correctly applied in determining the facts so as to rule on the petition to open the default judgment?

III. Was the failure to answer the complaint excusable?

IV. Was the petition to open the default judgment timely filed?

V. Did the Lower Court properly determine the existence of a meritorious defense?

Most of these issues were capably addressed and resolved by the trial judge in his opinion. We add only a short discussion.

■ The major point of contention between the parties is the extent of the record on which the trial judge may appropriately decide the questions presented by a petition to open a default judgment. In this case, the trial judge expressly considered "all uncontraverted averments in the petition *and supporting materials* ...." (Emphasis added.) Appellant argues that the judge erred in considering

3. Appellants also raise a sixth issue, namely, "Was it proper to permit a demand for a jury trial in this action in equity?" This issue is moot because appellees "have not sought and do not intend to demand a jury trial." (Brief for appellees, p. 48.)

anything more than "the petition, answer, new matter and reply ...." We do not agree. Rule 209 of the Rules of Civil Procedure contains no such proscription.[4] Furthermore, in *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. at 134 n. 1, 403 A.2d at 579 n. 1, this court stated that:

> This court has made it clear on prior occasions that, in addition to the petition to open, it is proper also to consider depositions, additional testimony, as well as supplemental memorandae [sic] in assessing a meritorious defense. (Citations omitted.)

The *Shainline* court itself went on to consider the supplemental material as well in assessing whether the petitioner had adequately explained his failure to file an answer. *Id.*, 266 Pa.Superior Ct. at 135–136, 403 A.2d at 579–580. We conclude that the trial judge committed no error by extending his review beyond those documents enumerated by appellant.

■ The Township next argues that the trial judge improperly considered as fact those averments of the Appellees' petition that the Township denied in its answer. However, petitioners had submitted sworn affidavits supporting those averments. The Township's answer, in fifteen of its twenty-seven paragraphs, simply states that appellant is without knowledge of the truth or falsity of the corresponding paragraph of the petition. The Township submitted no similar affidavits or any other evidentiary material. In a

---

**4.** Rule 209 of the Pennsylvania Rules of Civil Procedure states:
If, after the filing and service of the answer, the moving party does not within fifteen days:
(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or
(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

similar situation, this Court has said that, because the respondent-appellant did not submit its own evidentiary material but instead relied on denials based on "insufficient knowledge," no issue of disputed fact was raised. *Moss v. Consolidated Rail Corporation*, 277 Pa.Super. 192, 197, 419 A.2d 727, 729–730 (1980). Similarly, we conclude that the Township has failed to raise a disputed issue of fact.

■ Our conclusion is buttressed by several considerations. First, if we accepted appellant's argument, we would eliminate an important feature of Rule 209. As it now stands, Rule 209 allows the parties to expeditiously resolve questions without the need for long hearings devoted to the introduction of evidence. Rather, the parties may obtain an adjudication on an agreed statement of facts contained in the filed documents. If facts are disputed, then, of course, the parties may resort to depositions as provided by the rule. If we were to find that appellant's "denials," in this case, required appellees to resort to depositions, such a ruling would merely serve to delay resolution of the question while depositions were conducted for the sole purpose of stating anew the facts alleged in the affidavits. *See Moss v. Consolidated Rail Corporation*, 277 Pa.Super. at 197, 419 A.2d at 729–730. Furthermore, while appellant does state some facts in its answer and new matter, none of these facts dispute the existence of the facts alleged in the appellees' affidavits. At best, appellant discusses what it labels "inconsistencies" among the facts stated by appellees. However, it is for the court to decide if the petition and supplementary materials are internally consistent or not. Appellant's claim that the averments are inconsistent with one another does not make it so. For these reasons we find no error in the manner in which the trial judge applied Rule 209.

We also conclude that the trial court's consideration and discussion of the excuse offered by appellees for their failure to file an answer and the timeliness of the petition ably resolved these issues. We find no reason to disturb the court's exercise of its discretion on these grounds. *See*

*also Provident Credit Corp. v. Young,* 300 Pa.Super. 117, 446 A.2d 257 (1982).

■ Finally, the Township argues that the trial court committed a manifest abuse of discretion in determining that a meritorious defense existed. The theory relied upon by the trial court was that appellees were not required to assert any particular defense because appellant had not yet filed an amended complaint impervious to attack by preliminary objections. We need not reach the question whether this ruling was error because we find that appellees did assert at least three possible defenses. First, appellees assert that they applied for an occupancy permit in March, 1980, and have yet to receive a response from the Township. While it must be taken as true under Rule 209 that appellant did respond, appellant's own exhibits show that that response was directed to appellees' lessors, the Terrys, and not to appellees themselves. Appellees have various remedies and opportunities for redress under the Pennsylvania Municipalities Planning Code, 53 P.S. §§ 10101 et seq., including the right to appeal the denial of permits. *Id.* §§ 10919 and 11006. Because the Code is the exclusive method of handling such disputes, the failure of the Township to provide notice to the Havrillas *may* provide a defense to the Township's action in equity.

Second, appellees assert that another possible defense is the existence of a nonconforming use. Wayne Terry, appellees' lessor, stated in an affidavit that mobile homes have continuously occupied the site of appellees' home since 1967 or 1968. Because appellant has yet to specify the ordinances which appellees are allegedly violating, we cannot say that such a defense does not exist. Third, appellees also set forth facts attempting to show that appellees' mobile home was not a public nuisance. Mr. Terry stated that the road abutting appellees' lot and over which appellees' home partially extends is a private road which has been closed to vehicular traffic since 1976. Because the complaint contains little more than a bare assertion that appellees' home is a nuisance, we cannot say that this

defense is unmeritorious. We thus conclude that the trial court did not err in finding that appellees had alleged a meritorious defense.

Because we have determined each of the questions presented adversely to the appellant, we affirm the order of the trial court.

Order affirmed.